## OCCOQUAN LAND DEVELOPMENT CORPORATION

### V.

## CLAUDE G. COOPER, ETC., ET AL.

Record No. 890419

March 2, 1990

Present: Carrico, C.J., Compton, Stephenson, Russell, Whiting, and Lacy, JJ., and Poff, Senior Justice

*Thomas F. Farrell, II (Amy T. Holt; McGuire, Woods, Battle & Boothe*, on brief), for appellant.

*David T. Stitt, County Attorney (George A. Symanski, Jr., Senior Assistant County Attorney; J. Patrick Taves, Assistant County Attorney*, on brief), for appellees.

JUSTICE WHITING delivered the opinion of the Court.

In this case, we resolve an alleged conflict between Rule 2A:2 of this Court and Code § 9-6.14:14, which involves the mandatory service requirements with respect to appeals of administrative agency decisions.

On May 23, 1983, Fairfax County issued building permits for three single-family residences to Occoquan Land Development Corporation (Occoquan) after Occoquan's professional engineer certified that the information on its building permit applications was complete. A few weeks after the building permits were issued, the area was flooded during a storm. On June 23, 1983, Claude G. Cooper, a Fairfax County building official, revoked the permits on the ground that the applications "did not contain complete and accurate information regarding soil and drainage conditions."

On October 1, 1984, Occoquan appealed Cooper's revocation to the Fairfax County Board of Building Code Appeals (the local board). The local board ordered restoration of the building permits, conditioned upon "full compliance with the Building Code and accompanied by Engineering Documentation on establishing flood plains and a Soils Report on each lot."

On November 19, 1984, Occoquan appealed the local board's action to the State Building Code Technical Review Board (the state board). After hearing evidence on January 11, 1985, the state board took the matter under advisement. On February 22, 1985, the state board amended the local board's decision to provide that restoration of the permit should be conditioned only upon compliance with "the provisions of the Virginia Uniform Statewide Building Code in effect at the time the permits were issued." The state board's order recites that the decision was entered on February 22, 1985; however, its chairman signed the order reflecting the decision on April 2, 1985, and the secretary of the state board attested it on April 8, 1985.

Pursuant to Fairfax County's motion, on June 28, 1985, the state board reconsidered the matter, heard additional evidence and argument, and indicated to the parties that it adhered to its original conclusion. Later, the chairman of the state board signed the final order which confirmed its previous ruling. The final order concluded as follows:

This Decision has been entered this *28th* day of June, 1984 [sic][1] A.D.

/s/ Bernard E. Cooper
Bernard E. Cooper, Chairman

July 20, 1985
Date

COPY TESTEE: [sic]
/s/ C. Sutton Mullen/Bel
C. Sutton Mullen, Secretary
State Building Code Technical Review Board

July 23, 1985
Date

A copy of the final order was mailed to all parties on July 23, 1985. On August 21, 1985, in purported compliance with Rule 2A:2, dealing with notices of appeal under the Administrative Process Act, Cooper, Jane W. Gwinn, Zoning Administrator for Fairfax County, and the Board of Supervisors of Fairfax County (collectively the county) mailed a notice of appeal to the state board's secretary. It was apparently received on August 22, 1985. On September 17, 1985, pursuant to the provisions of Rule 2A:4, the county filed its petition for appeal in the Circuit Court of Fairfax County, naming Occoquan and the state board as appellees.

The trial court sustained Occoquan's motion to dismiss the county's appeal on the ground that it had not been filed within the time required by Rule 2A:2. Rule 2A:2 provides in pertinent part that "[a]ny party appealing from a . . . case decision shall file, within 30 days after . . . entry of the final order in the case decision, with the agency secretary a notice of appeal signed by him or his counsel." Additionally, the trial court found that even if the notice of appeal had been properly filed, there was no error in the state board's decision.

The county appealed the trial court's decision to the Court of Appeals. On March 7, 1989, that court reversed the judgment of

---

[1] The parties agreed that the date of June 28, 198*4*, appearing in the final order, was a typographical error and that it should have been June 28, 198*5*.

the trial court and entered final judgment for the county. *Cooper v. Occoquan Land Development Corp.*, 8 Va. App. 1, 377 S.E.2d 631 (1989). We granted Occoquan this appeal, deeming the issues raised to have significant precedential value. Code § 17-116.07(B).

First, we must decide whether the county failed to file a timely notice of appeal, as the trial court ruled. If so, the trial court had no further jurisdiction in the matter, and we need not consider the county's substantive claims. *See Upshur* v. *Haynes Furniture Co.*, 228 Va. 595, 597, 324 S.E.2d 653, 654 (1985).

The county advances four reasons why it did not lose its right to appeal. We find no merit in any of those reasons.

First, the county argues that the state board's responsive pleading contains a judicial admission which is dispositive of the issue. The county's petition for appeal to the circuit court alleged, and the state board's answer admitted, that "on *July 23, 1985,* the [state] Board reaffirmed the April 8, 1985, decision." (Emphasis added.) Assuming, but not deciding, that this was a judicial admission, it does not bind Occoquan, which was not in privity with the state board. *See Wytheville Ice Co.* v. *Frick*, 96 Va. 141, 144, 30 S.E. 491, 491-92 (1898); *Fisher* v. *White*, 94 Va. 236, 242, 26 S.E. 573, 575 (1897). Moreover, a court cannot acquire jurisdiction by a party's consent to the existence of what we find in this opinion to be an erroneous fact.

Second, the county notes that, but for an exception inapplicable here, Code § 9-6.14:14 requires final decisions or orders of state agencies to "be served upon the private parties by mail." The county contends that the 30-day period set forth in Rule 2A:2 could not begin to run until the state board complied with this mandatory service requirement. Code § 9-6.14:14, however, does not deal with appeals but only with the duties of the various agencies. Code § 9-6.14:16(A), on the other hand, specifically provides for judicial review by "an appropriate and timely court action against the agency as such or its officers or agents in the manner provided by the rules of the Supreme Court of Virginia." Therefore, the 30-day period specified in Rule 2A:2 begins to run upon "entry of the final order."

Third, the county maintains that the date upon which the state board's decision was "entered" is unclear. According to the county, the date of entry might be June 28, 1985, in which event its due process rights might have been violated because notice of

the order's entry was not mailed until July 23, 1985, and was not delivered until more than 30 days after the decision, too late to file a notice of appeal. Rule 2A:2, however, clearly provides that the appeal period begins upon the "entry of the [board's] final order." In an analogous context, dealing with appeals from final judgments of trial courts, we have held that a judgment is not ordinarily "entered" upon its oral pronouncement; its "entry" occurs when the judge *signs* an order prepared by counsel or the court, reflecting the judgment previously pronounced. *Peyton* v. *Ellyson*, 207 Va. 423, 430-31, 150 S.E.2d 104, 110 (1966); *McDowell* v. *Dye*, 193 Va. 390, 393-94, 69 S.E.2d 459, 462-63 (1952). Accordingly, the 30-day period within which the county was required to file its notice of appeal began on July 20, 1985, the date the state board's chairman signed the final order.

■ The flexible standard of due process does not require any particular form of procedure and its requirements are non-technical, *Klimko* v. *Virginia Empl. Comm'n*, 216 Va. 750, 760, 222 S.E.2d 559, 568, *cert. denied*, 429 U.S. 849 (1976). Thus, we conclude that in this case the county had a reasonable time in which to file its notice of appeal, and its due process rights were not violated.

■ Finally, the county relies upon Rule 1:7, which provides in part:

> Whenever a party is required or permitted under these Rules to do an act within a prescribed time after service of a paper upon him and the paper is served by mail, three days shall be added to the prescribed period.

The county, however, was not required to file its appeal "within a prescribed time after *service* of" the order upon it; instead, it was required to file within 30 days of the *entry* of the final order. Therefore, Rule 1:7 does not apply here.

■ We conclude that the county failed to perfect its appeal in a timely manner and, therefore, the trial court was without jurisdiction to hear the case. Accordingly, we will reverse the judgment of the Court of Appeals, and, pursuant to the provisions of Code § 8.01-681, we will enter final judgment for Occoquan.

*Reversed and final judgment.*