914 F.2d 247
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
CAROL SQUARE CORPORATION, Occoquan Land Development
Corporation, Southern Cross Coal Corporation, R.E.
Adkins, Plaintiffs-Appellants,
v.
FAIRFAX COUNTY, Claude G. Cooper, Cecil E. Atkins, Audrey
Moore, Defendants-Appellees.
 No. 90-1408.
 United States Court of Appeals, Fourth Circuit.
 Argued July 16, 1990.
Decided Sept. 17, 1990.
As Amended Oct. 25, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (CA-89-939-A)
 Philip Lee Malet, Steptoe & Johnson, Washington, D.C., for appellants; Steven K. Davidson, Elliot J. Feldman, Steptoe & Johnson, Washington, D.C., on brief.
 David John Fudala, Hall, Markle, Sickles & Fudala, P.C., Fairfax, Va, (argued), for appellees.
 E.D.Va.
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is a 42 U.S.C. Sec. 1983 action, to which the plaintiffs coupled certain pendent state claims, by a real estate developer and his three wholly-owned operating companies to recover both injunctive and monetary relief against Fairfax County, Virginia, and two county officials in their "individual capacit[ies] for interest and acts committed against plaintiffs both within and outside the scope of [their] authority." The grounds of the plaintiffs' action was that the defendants had maliciously and illegally revoked, in violation of the plaintiffs' due process and equal protection clauses of the Constitution, three building permits in favor of the plaintiffs in the North Springfield Park I development in Fairfax County and had improperly and illegally taken and destroyed the plaintiffs' property in North Springfield Park II development by falsely claiming default in the plaintiffs in making agreed improvements in such development. The defendants answered the complaint with a denial of all charges in the complaint and with allegations of the affirmative defenses of res judicata, collateral estoppel, statute of limitations and legislative immunity, so far as the individual defendants were sued. After discovery, the defendants moved for summary judgment. The district court granted the motion, so far as it related to the federal Sec. 1983 action, and dismissed the state claims without prejudice. From judgment entered according to that decision, the plaintiffs have appealed. We affirm in part, reversed in part and remand for further action by the district court.
 
 I.
 
 2
 Basically, the Sec. 1983 action raises two questions. The first relates to the revocation of building permits for three lots in a subdivision known as North Springfield Park I. The second arises out of the County's act in finding default by the developer of the subdivision's North Springfield Park II in its obligation to provide proper improvements in the subdivision for which temporary building permits had apparently been conditionally granted and, on the basis of that breach, for tearing up the improvements installed by the developer and replacing it with approved improvements. The plaintiffs allege that such actions violated their "due process [rights] ... guaranteed under the Fourteenth Amendment to the Constitution" and "their constitutional right to equalprotection."
 
 
 3
 After discovery, the defendants moved for summary judgment. The district judge granted the motion on res judicata and collateral estoppel grounds. He declined to consider the state claims asserted by the plaintiffs, dismissing them without prejudice.
 
 
 4
 From this judgment entered under the decision, the plaintiffs have appealed. We shall consider the two federal claims, separately, beginning with the claims relating to the building permits for the lots in North Springfield Park I.
 
 II.
 
 5
 Shortly after building permits were issued for three undeveloped lots in North Springfield Park I, the County received complaints from other lotholders in that subdivision. These complaints related to the threat of flooding because of improper drainage in the plaintiffs' three lots. After some investigation (the parties are in dispute as the extent of such investigation), the defendant Cooper in his capacity as the Director of the County Department of Environmental Management revoked the building permits as granted in error. The ground of revocation was stated to be failure to include in the application complete and accurate information regarding soil and drainage conditions on the site. It is undisputed that the section on the permit applications requiring the inclusion of such information was blank. The plaintiffs said, however, that it was customary in the County for building applications to omit such information and for the granting of the permits without this information, allowing the inclusion of such information to be made by the County itself. In its letter of permit revocation, the County invited the plaintiffs to refile their applications with the inclusion of the required specified information. Acting for the County in the matter, defendant Cooper added in the revocation letter that "[w]hen the necessary information discussed above has been submitted, the County will take prompt action to review the material and either approve the permits or advise the applicant of deficiencies that must be addressed."
 
 
 6
 The County asserted and the plaintiffs do not dispute that they had not reapplied for the permits nor had they provided the required information. The plaintiffs chose instead to appeal the revocation first to the Fairfax County Board of Building Code Appeals and then up to the State Building Code Technical Review Board. All these various administrative steps have resulted in orders requiring the restoration of the building permits "contingent on full compliance with the building code and provision of engineering documentation establishing flood plains and a soil report on each lot," in the case of the Fairfax County Board of Building Code Appeals, or "subject to the provisions of the Virginia Uniform Statewide Building Code in effect at the time the permits were issued," as in the order of the State Review Board. As a result of these decisions of the administrative agencies, the plaintiffs demanded the restoration of the permits, but the defendant Cooper, acting for the County, according to the brief filed by the plaintiffs in the later hearing in the district court, "refused to restore the permits unconditionally, insisting that he was authorized to reissue the permits with conditions." This decision of the State Board was appealed to the Judicial Circuit Court having jurisdiction over appeals such as that here. That court affirmed the decision of the State Board but, on appeal before the Virginia Court of Appeals, the decision of the State Board was reversed and the original revocation of the permits upheld. Such was the status of the proceedings when this proceeding came before the district court. The district court made its res judicata dismissal of the plaintiff's action on the basis of this decision of the Virginia Court of Appeals. However, after that the Virginia Supreme Court, which had earlier granted a writ of error in the case, heard the case and affirmed the decision of the State Board and reversed the decision of the Court of Appeals. Occoquan Land Development Corp. v. Cooper, 389 S.E.2d 464 (Va.1990). Such is the status of the record in the case before us.
 
 
 7
 The ground on which the district court granted summary judgment against this claim is no longer viable and the dismissal of this claim under the doctrine of res judicata must be reversed. International Telephone & Telegraph Corp. v. General Telephone & Electronics Corp., 527 F.2d 1162, 1163 (4th Cir.1975); South Carolina Nat'l Bank v. Atlantic States Bankcard Assn., 896 F.2d 1421, 1435 (4th Cir.1990). But the plaintiffs cannot establish on the present record that they have been deprived of a vested right in an unconditional building permit, which appears to be the position of the plaintiffs. No board or court has sustained the plaintiffs' right to unconditional building permits for the three undeveloped lots in North Springfield Park I. The State Board's ruling, as summarized by the Virginia Supreme Court in its opinion, 389 S.E.2d at 465, was that the "local board's decision" was amended to provide that restoration of the permit should be conditioned "only upon compliance with the provisions of the Virginia Uniform Standard Building Code in effect at the time the permits were issued." So far as the record shows, the plaintiffs have never given evidence of their compliance with the Virginia Code and, until they do, the defendant Cooper would seem to be justified in refusing to reissue the initial permits without conditions. The plaintiffs may have an answer to this conclusion, but, as we have said, such answer does not appear in this record. Under the circumstances, we conclude that this aspect of the case must be remanded to the district court for further proceedings in the light of the decision by the Virginia Supreme Court in Occuquam Land Development Corp. v. Cooper, supra.
 
 III.
 
 8
 The facts concerning the claim of the plaintiffs in connection with North Springfield Park II development have been excellently summarized in the thorough opinion of Justice Russell in Bd. of Supervisors of Fairfax County v. Southern Cross Coal Company, 238 Va. 91 (1989). We quote freely from that summary.
 
 
 9
 In 1978 Southern Cross entered into two agreements with the Board of Supervisors of Fairfax County (Board) relating to the development of a land subdivision known as "North Springfield Park, Sect. II." The agreements obligated Southern Cross to complete all road improvements shown in the subdivision plans within 36 months, and "to comply with all requirements of the Virginia Department of Highways and Transportation (VDH & T) in order that the subdivision streets would be accepted by VDH & T for maintenance." Southern Cross and Adkins, both plaintiffs here, as co-principals, and Republic Insurance Company as Surety (the Surety), entered into two performance bonds binding them to performance of the subdivision agreements. In that connection the Surety waived any right "to review and approve any revisions to the plans, profiles and specifications." During construction, Southern Cross discovered some conditions requiring slight revisions in the plan of development. The County agreed to such revisions.
 
 
 10
 Southern Cross failed to complete construction by the agreed date, October 1981. Because of the failure of Southern Cross and Adkins to perform timely, the County filed suit. While the suit was pending, the Board, Southern Cross and Adkins (the sole stockholder of Southern Cross), and the Surety negotiated a series of extensions of the deadline for completion, first to October 1983 and ultimately to October 1984. In these agreements Southern Cross and Adkins, as well as their Surety, promised that if the "case is tried ... they will not contest liability on the Agreements or Bonds and will present no defense thereto and that the only issue for trial is the amount of damages." Southern Cross, despite the extensions, again defaulted; the street improvements were not completed by October 1984 according to VDH & T standards. A VDH & T engineer, after examining the partial improvements made by Southern Cross noted "deficiencies ... in virtually every component of the roadway structure and it was discovered that Southern Cross had paved over the deficient substructures with asphalt." At this point, according to the Virginia Supreme Court decision:
 
 
 11
 The County considered several alternatives for correcting the deficiencies. These included tearing up the road surface Southern Cross had laid and reconstructing the streets according to the original plans, or alternatively, correcting compaction and subgrade conditions where needed and adding additional gravel and asphalt. The County decided upon the least expensive alternative, engaged a private contractor to do the work, expended $184,747 to complete the improvements to VDH & T standards, and brought this action against the co-principals and the Surety to recover under the bonds.
 
 
 12
 At trial, Southern Cross and Adkins as well as the County presented their evidence. The Surety, which presented no evidence of its own and relied on the evidence of Southern Cross, sought a directed verdict on the ground that the County, by agreeing to the changes in the plan of improvements as requested by Southern Cross, departed from the original plan and such departure relieved it of liability under its bond. The trial court granted the Surety's motion over the objection of the County. The issue between Southern Cross and Adkins, on one hand, and the County, on the other, was submitted to the jury, which returned a verdict in favor of the County. The judgment against Southern Cross and Adkins--the plaintiffs here--was entered and a petition for appeal by Southern Cross and Adkins was denied by the Virginia Supreme Court and the judgment became final as to the plaintiffs in this action. The County, however, was granted an appeal from the grant of a directed verdict in favor of the Surety and that grant of a directed verdict was reversed. Judgment was therefore entered against the Surety, too.
 
 
 13
 We are of the opinion that the district judge correctly granted the defendants' motion for a directed verdict on the ground of res judicata. All the facts raised by the plaintiffs in connection with this part of their Sec. 1983 claim were directly involved in the state action by the County against the plaintiffs and the Surety, and all of the pertinent issues were decided against the plaintiffs. This was a perfect case for the defense of res judicata.
 
 IV.
 
 14
 In summary, the dismissal of the claim of the plaintiffs relating to the revocation of the building permits in connection with North Springfield Park I is reversed, and proceedings here on this claim are remanded to the district court for further consideration. The grant of summary judgment against that part of plaintiffs' action relating to the improvements in the North Springfield Park II is affirmed.
 
 
 15
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.