**Richmond**

LAURA BROOMFIELD

v.

LARRY D. JACKSON, COMMISSIONER,

VIRGINIA DEPARTMENT OF SOCIAL SERVICES

No. 1821-93-2

Decided August 30, 1994

COUNSEL

Christine E. Marra (Central Virginia Legal Aid Society, Inc., on briefs), for appellant.

Craig M. Burshem, Assistant Attorney General (Stephen D. Rosenthal, Attorney General; Sharon Maitland Moon, Assistant Attorney General, on brief), for appellee.

OPINION

BENTON, J.—Laura Broomfield filed in the circuit court a petition for review of a final decision by the Virginia Department of Social Services finding that she mentally abused her children. *See* Code §§ 63.1-248.1 to 63.1-248.17. Holding that the notice of appeal was not timely filed, the trial judge dismissed the petition. On this appeal, Broomfield contends that the Department's service of its final decision upon her attorney was not an authorized mode of service and, thus, her notice of appeal was not untimely. For the reasons that follow, we hold that service of the final decision on Broomfield's attorney was not proper service; thus, we reverse.

## I.

The Chesterfield/Colonial Heights Department of Social Services received a complaint which alleged that Broomfield emotionally abused her children. Following that agency's investigation and findings, Broomfield appealed to the Commissioner of the Virginia Department of Social Services. *See* Code § 63.1-248.6.1. At the conclusion of an administrative hearing on Broomfield's appeal, the hearing officer designated by the Commissioner affirmed the finding of the agency and mailed a copy of the decision to the attorney who represented Broomfield at the hearing. A copy of the decision arrived at Broomfield's attorney's office on December 28, 1992. Broomfield's attorney hand delivered Broomfield's notice of appeal to the Commissioner on January 28, 1993, more than 30 days after receipt of the notice. *See* Rule 2A:2. Broomfield's attorney later filed a petition for review in the appropriate circuit court within thirty days of delivery of the notice of appeal. *See* Rule 2A:4. The trial judge granted the Commissioner's motion to dismiss the petition for review on the ground that the notice of appeal was not timely. Broomfield noted her appeal to this Court.

## II.

█ The statute that authorizes the Department of Social Services to conduct administrative proceedings to remedy acts of child abuse and neglect provides that any person "aggrieved by the decision of the hearing officer . . . may obtain further review of the decision in accordance with Article 4 of the Administrative Process Act (APA)." Code § 63.1-248.6:1(B). The APA grants an aggrieved party "a right to the direct review . . . [of the hearing officer's decision] by an appropriate and timely court action against the agency as such or its officers or agents in the manner provided by the rules of the Supreme Court of Virginia." Code § 9-6.14:16(A). "Generally, rules governing appeal procedures are mandatory and 'compliance with them is necessary for the orderly, fair and expeditious administration of justice.' " *Mayo v. Commonwealth*, 4 Va. App. 520, 522, 358 S.E.2d 759, 761 (1987) (citation omitted).

█ Following its decision in *Occoquan Land Development Corp. v. Cooper*, 239 Va. 363, 389 S.E.2d 464 (1990), the Supreme Court amended the rule of court that governs notices of appeals in proceedings conducted pursuant to the Administrative

Process Act. That rule now reads as follows:

> Any party appealing from a . . . case decision shall file, within 30 days . . . after service of the final order in the case decision, with the agency secretary a notice of appeal signed by him or his counsel. In the event that service of a case decision upon a party is accomplished by mail, 3 days shall be added to the 30-day period. Service under this Rule shall be consistent with [Code] § 9-6.14:14 and, if made by mail, shall be sufficient if sent by registered or certified mail to the party's last address known to the agency. . . .

Rule 2A:2. The APA statute that now has been explicitly incorporated into Rule 2A:2 mandates that "[t]he terms of any final agency decision . . . shall be served upon the private parties by mail unless service otherwise made is duly acknowledged by them in writing." Code § 9-6.14:14.

■ Rule 2A:1, which is "promulgated pursuant to [Code] § 9-6.14:16," defines " 'party' [to mean] any person affected by and claiming the unlawfulness of a regulation or a party aggrieved who asserts a case decision is unlawful and any other affected person or aggrieved person who appeared in person or by counsel at a hearing." The definition distinguishes the party from the party's attorney. Moreover, nothing in either the APA or the agency's basic law governing the handling of child abuse complaints, Code §§ 63.1-248.1 to 63.1-248.17, defines party to include the party's attorney.

The Commissioner argues that Code § 8.01-314 is not in conflict with the APA and should be read to apply to administrative agency proceedings conducted under the APA. That statute provides in pertinent part as follows:

> When an attorney authorized to practice law in this Commonwealth has entered a general appearance for any party, any process, order or other legal papers to be used in the proceeding may be served on such attorney of record. Such service shall have the same effect as if service had been made upon such party personally. . . .

Code § 8.01-314. The Commissioner provides no authority, however, for the proposition that civil remedies and procedures con-

tained in Title 8.01 that do not conflict with the provisions of the APA apply in administrative agency proceedings. We decline to enact such a rule.

■ In determining from the statutes the scope of the duties of an administrative agency, we are guided by the following well established principles:

> It is our duty to construe the law as it is written. An erroneous interpretation of a statute by those charged with its enforcement cannot be permitted to override its clear meaning. Amendments of statutes can only be made by the legislature and not by the courts or administrative officers charged with their enforcement.

*Hampton Roads Sanitation Dist. Comm'n v. City of Chesapeake*, 218 Va. 696, 702, 240 S.E.2d 819, 823 (1978). *See also City of Richmond v. County of Henrico*, 185 Va. 176, 189, 37 S.E.2d 873, 879-80 (1946); *Hancock Co. v. Stephens*, 177 Va. 349, 356, 14 S.2d 332, 334 (1941). When the legislature has deemed it prudent to do so, it has made specific reference in the APA to selected provisions of Title 8.01. *See, e.g.*, Code § 9-6.14:5. From our review of the legislative policy statement in the APA, *see* Code § 9-6.14:3, we discern no legislative intent to supplement the provisions of an agency's basic laws and the APA with the general laws of the Commonwealth. *See also* Code § 9-6.14:4(C). The legislative policy statement is consistent with "[t]he general rule in other jurisdictions . . . that rules of civil procedure do not apply to administrative proceedings unless the rules specifically so provide." *State Oil & Gas Bd. v. McGowan*, 542 So.2d 244, 247 (Miss. 1989). *See also AT&T Information Systems, Inc. v. Wallermann*, 827 S.W.2d 217, 221 (Mo. Ct. App. 1992); *Pilcher v. State*, 663 P.2d 450, 453 (Utah 1983).

Because the trial judge erred in ruling that the Commissioner and the agency complied with the requirements of Rule 2A:2 and Code § 9-6.14:14, we reverse the decision and remand the case to the circuit court for proceedings consistent with this opinion.

*Reversed and remanded.*

Willis, J., and Elder, J., concurred.