COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Elder and Bumgardner
Argued at Alexandria, Virginia


BURTON O. SOURS, JR.,
 FAIRFAX COUNTY SURVEYOR
                                          OPINION BY
v.    Record No. 1716-98-4        JUDGE LARRY G. ELDER
                                       JULY 27, 1999
VIRGINIA BOARD FOR ARCHITECTS,
 PROFESSIONAL ENGINEERS, LAND
 SURVEYORS AND LANDSCAPE ARCHITECTS,
 AND HAROLD A. LOGAN


        FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
             Arthur B. Vieregg, Jr., Judge

        Karen J. Harwood, Deputy County Attorney
        (David P. Bobzien, County Attorney; Jan L.
        Brodie, Senior Assistant County Attorney, on
        briefs), for appellant.

        William A. Diamond, Assistant Attorney
        General (Mark L. Earley, Attorney General;
        Richard B. Zorn, Senior Assistant Attorney
        General, on brief), for appellee Virginia
        Board for Architects, Professional
        Engineers, Land Surveyors and Landscape
        Architects.

        No brief or argument for appellee Harold A.
        Logan.


     Burton O. Sours, Jr., (appellant) appeals from a ruling of

the Fairfax County Circuit Court dismissing his appeal from a

decision issued by the Virginia Board for Architects,

Professional Engineers, Land Surveyors and Landscape Architects

(the Board) under the Virginia Administrative Process Act

(VAPA), Code §§ 9-6.14:1 through 9-6.14:25.  On appeal, he

contends the circuit court (1) erred in holding that timely payment of the statutory writ tax and clerk's fees is jurisdictional; (2) erred in holding that Rule 1:9 of the Rules of the Supreme Court does not apply to actions filed pursuant to Part Two A of the Rules; and (3) abused its discretion in denying his request for leave to pay the writ tax and clerk's fees.  For the reasons that follow, we reverse the ruling of the circuit court and remand for further proceedings.

I.

FACTS

Harold A. Logan, a licensed land surveyor, filed a complaint with the Commonwealth's Department of Professional and Occupational Regulation (the Department), alleging that appellant violated various sections of the Virginia Code by altering subdivision plans prepared by Logan.  Appellant, the Fairfax County Surveyor, took the position that his alteration of Logan's plans occurred in the course of his duties as the County Surveyor and did not violate the Code.  Following an investigation and informal fact-finding conference pursuant to the VAPA, Code § 9-6.14:11, the Board concluded that appellant "utilized the work of another professional without the professional's consent" and issued an order to that effect on January 5, 1998.  Although appellant was represented in those proceedings by the County Attorney's office, the Board's order was against appellant alone.

-

Appellant timely filed his notice of appeal on February 5, 1998, and timely filed his petition for appeal on March 9, 1998. The petition listed appellant as "BURTON O. SOURS, JR., Fairfax County Surveyor," and was signed by the County Attorney. The clerk's office charged no filing fee. The petition for appeal was served on Logan on April 3, 1998, and on the Board on April 6, 1998.

The Board moved to dismiss the petition on the ground that the petition for appeal was not timely filed because appellant did not pay the statutory writ tax and clerk's fees. It posited that the clerk filing the petition did not collect the tax and fees because the County Attorney was representing appellant. The Board contended, however, that the proceedings were against appellant in his individual capacity as a licensed surveyor and were independent of his employment with the county and that, as a consequence, the tax and fees were due.

Appellant argued that the actions for which he was sanctioned were performed in the course of his duties as the County Surveyor and that the clerk acted properly in not requiring him to pay the writ tax and clerk's fees. Alternatively, he argued that Rules 2:2 and 2A:4 do not require that the tax and fees be paid within the thirty-day appeal period and that Rule 1:9 gave the circuit court discretion to permit payment of the tax and fees beyond the thirty-day period.

-

The circuit court rejected appellant's argument that he was not required to pay the writ tax and clerk's fees and held that their timely payment was a necessary condition to the perfection of his appeal.  Appellant moved the court to exercise its discretion under Rule 1:9 to permit payment of the tax and fees at that time.  In a hearing on the motion, the circuit court said that "if 1:9 controls, I would readily grant this motion." It ultimately denied the motion on the ground that "[i]t is mandatory to file the fee."

Appellant noted his appeal to this Court.  He has not appealed the circuit court's ruling that he was statutorily required to pay the writ tax and clerk's fees.

II.

ANALYSIS

Part Two A of the Rules of the Supreme Court governs the appeal from a case decision of an agency pursuant to the VAPA. Rule 2A:4 provides, in relevant part, as follows:

> (a) Within 30 days after the filing of the notice of appeal, the appellant shall file his petition for appeal with the clerk of the circuit court named in the first notice of appeal to be filed.  Such filing shall include all steps provided in Rules 2:2 and 2:3 to cause a copy of the petition to be served (as in the case of a bill of complaint in equity) on the agency secretary and on every other party.

The thirty-day period in which to file a petition for appeal of an agency case decision is mandatory, as indicated by the

-

General Assembly's use of the word, "'shall.'" Mayo v. Department of Commerce, 4 Va. App. 520, 523, 358 S.E.2d 759, 761 (1987). "'The purpose of the specific time limit is not to penalize the appellant but to protect the appellee. If the required papers are not [timely] filed, the appellee is entitled to assume that the litigation is ended, and to act on that assumption.'" Id. (quoting Avery v. County Sch. Bd., 192 Va. 329, 333, 64 S.E.2d 767, 770 (1951)). Furthermore, "[t]he absence of an express provision in Part Two A of the Rules empowering the circuit court to extend the time limits prescribed in Rule 2A:4 is persuasive evidence that no such provision applies to petitions for circuit court review of administrative agency decisions." Id. at 524, 358 S.E.2d at 762. For these reasons, the timely filing of a petition for appeal of an agency decision is jurisdictional.

We have never expressly considered whether payment of the writ tax and clerk's fees within the thirty-day period for filing the petition also is jurisdictional. A careful examination of the Rules and relevant statutes leads us to conclude that it is not.

Rule 2A:4(a) provides that the filing of a petition for appeal "shall include all steps provided in Rules 2:2 and 2:3 to cause a copy of the petition to be served" on the necessary parties. Rule 2:2 provides that "[t]he statutory writ tax and clerk's fees shall be paid before the subpoena in chancery is

-

issued." Code §§ 58.1-1727 to 58.1-1729 contain more general provisions governing the payment of writ taxes. Such taxes are imposed, inter alia, "upon (i) the commencement of every action, in law or chancery, in a court of record, whether commenced by petition or notice, ejectment or attachment." Code § 58.1-1727. Like Rule 2:2, Code § 58.1-1729 provides that "[n]o clerk shall issue a writ, or docket any removed or appealed warrant, or any notice mentioned in this article until the tax imposed under this article has been paid," but it also provides that "[the clerk's] failure to collect the tax shall not invalidate the proceeding." Therefore, the Rules and related statutes contemplate that the clerk will not direct service of the petition until the writ tax and clerk's fees have been paid, but Code § 58.1-1729 provides expressly that the clerk's failure to collect the writ tax is not fatal to the proceeding. See Davis v. McCall, 133 Va. 487, 492, 113 S.E. 835, 837 (1922) (holding that the fact plaintiff did not pay writ tax before clerk issued writ "was a matter between the clerk and the commonwealth, and . . . [that payment] was not such a necessary condition precedent to the issuing of the writ as to entitle the defendant to set it up in bar of the action"). Nothing in the statutes or rules contravenes the application of this approach in VAPA appeals. See Rule 2A:5 (providing that "[f]urther proceedings [in VAPA appeals] shall be held as in a suit in equity and

-

[that] the rules contained in Part Two, where not in conflict with the Code [or Part Two A of the Rules], shall apply . . .").

Here, the clerk effected service of the petition without requiring payment of the writ tax and fees. Viewing Rules 2A:4 and 2:2 and Code § 58.1-1729 in light of our holding in Mayo, we conclude that payment of the writ tax and clerk's fees is not jurisdictional as long as the petition is otherwise served in compliance with the rules.[1] As we indicated in Mayo, the purpose of the filing requirement in Rule 2A:4 is to keep the prevailing party apprised of the status of the case and allow him to assume the matter has ended if the non-prevailing party does not timely request appellate relief. See 4 Va. App. at 523, 358 S.E.2d at 761. Here, appellant's non-payment of the writ tax and clerk's fees did not deprive appellee of notice of the appeal. Therefore, we hold that payment of the writ tax and clerk's fees within the thirty-day period for filing the petition for appeal

---

[1] Although service here occurred within thirty days of filing of the notice of appeal, the rules do not mandate that service be effected within that time frame. See Rule 2A:4. Rule 2A:4 requires only that the appellant shall complete all acts required of him within that thirty-day period. Under Rule 2:4, "[n]o decree shall be entered against a defendant who was served with process more than one year after institution of the suit against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him." See Rule 2A:5; see also Rule 3:3 (providing same one-year limit for service of motions for judgment filed in actions at law).

is not mandatory and not jurisdictional.  Accordingly, we conclude that the circuit court erroneously granted appellee's motion to dismiss.

Further, we hold that the trial court had the discretion under Rule 1:9 to permit appellant to pay the writ tax and clerk's fees after service of the petition for appeal, even though Rule 2A:4 contemplates payment of the tax and fees before service.  Rule 2A:5 provides that following the filing of a petition for appeal under the VAPA,

> [f]urther proceedings shall be held as in a suit in equity and the rules contained in Part Two, where not in conflict with the Code of Virginia or this part [Part Two A], shall apply, but no matter shall be referred to a commissioner in chancery.  The provisions of Part Four shall not apply and, unless ordered by the court, depositions shall not be taken.

Therefore, pursuant to Rule 2A:5, the circuit court, in overseeing an administrative appeal, retains all authority it would have in a suit in equity other than as expressly excluded in that rule or relevant statutes.  Manifestly, suits in equity are governed by those rules in Part One, which contains "GENERAL RULES APPLICABLE TO ALL PROCEEDINGS." Therefore, in VAPA appeals, the circuit court may rely on all rules in Part One which would be applicable to suits in equity under Part Two to the extent they do not conflict with the VAPA or Part Two A of the Rules.

-

Rule 1:9, entitled "Discretion of Court," provides as follows:

> All steps and procedures in the clerk's office touching the filing of pleadings and the maturing of suits or actions may be reviewed and corrected by the court.
>
> The time allowed for filing pleadings may be extended by the court in its discretion and such extension may be granted although the time fixed already has expired; but the time fixed for the filing of a motion challenging the venue shall in no case be extended except to the extent permitted by § 8.01–264.

As discussed above, Rule 2A:4 requires that the petition for appeal be filed and that the filing include all steps required to cause the petition to be served on the necessary parties. Therefore, Rule 1:9's second paragraph, permitting the court to extend the time for filing pleadings, does not apply to the filing of a petition for appeal under the VAPA. Cf. Mayo, 4 Va. App. at 523-24, 358 S.E.2d at 761-62 (without expressly considering applicability of Rule 1:9, holding that thirty-day time limit of Rule 2A:4 for filing of petition for appeal is jurisdictional and may not be extended). However, because we previously have held that payment of the writ tax and clerk's fees is not jurisdictional, the circuit court may apply Rule 1:9's paragraph 1 to correct the clerk's error in not collecting the writ tax and clerk's fees upon the filing of appellant's petition for appeal and prior to service of the petition.

-

Here, the circuit court stated expressly that it would have granted the motion if Rule 1:9 applied, but it erroneously believed that Rule 1:9 did not apply.  Therefore, we reverse and remand to the circuit court for payment of the writ tax and clerk's fees and further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>

Bumgardner, J., concurring.

I concur in the result, but I do not join in the majority opinion which I believe speaks more broadly than necessary.

The appellant timely filed his petition for appeal, but the clerk of court assessed no fee, so none was paid.  Process issued and was served timely and properly.  The failure of the clerk to assess the correct writ tax should not invalidate the proceeding.  See Code § 58.1-1729.