# CIRCUIT COURT OF FAIRFAX COUNTY

Joy House
Senior Homes, L.C., et al.

v.

Maurice Jones,
Commissioner of the
Virginia Department
of Social Services, et al.,

March 28, 2008

Case No. CH-2004-192895

BY JUDGE R. TERRENCE NEY

This matter comes before the Court on the Plea in Bar of Appellees Maurice Jones, as the Commissioner of the Virginia Department of Social Services, and Carolynne Stevens, as the Director of Division of Licensing Programs for the Department of Social Services. Maurice Jones and Carolynne Stevens have been named in their official capacities. (Maurice Jones resigned as Commissioner on March 18, 2005. The current Commissioner is Anthony Conyers, Jr. Carolynne Stevens retired from VDSS on January 1, 2008.) After oral argument, the Court took the matter under advisement.

*Facts*

Appellants Joy House Senior Homes, L.C., Joy House - Braddock, L.C., and Joy House - Flint Hill, L.C. ("Joy House") are limited liability companies established to operate assisted living residences in Fairfax County for seniors and the disabled. Joy House alleges that, despite timely filing the proper applications for licenses and license renewals, the Appellees Maurice Jones and Carolynne Stevens, acting in their capacity as officers for the Virginia Department of Social Services ("VDSS"), wrongfully deprived Joy House of its notice, hearing, and due process rights under § 2.2-4020 of the

Virginia Code by denying Joy House's applications without granting its request for a formal hearing. VDSS communicated this final agency action to Joy House by letter dated October 15, 2002.

Joy House timely filed its notice of appeal, and, on November 18, 2002, within the thirty day time period provided for filing a petition for appeal, Joy House initiated an action against VDSS styled *Riverside Trust et al. v. Jones et al.*, CL2002-209575. In response to the filing of this action, VDSS filed a Motion to Quash Process arguing that Joy House's Motion for Judgment was not timely served. On October 22, 2004, Joy House voluntarily nonsuited the *Riverside Trust v. Jones* action.

On November 4, 2004, Joy House initiated this present action, indicating that it was refiling *Riverside Trust v. Jones* in accordance with Virginia Code § 8.01-229(E)(3), a section which tolls the statute of limitations in cases nonsuited pursuant to Virginia Code § 8.01-380. Va. Code Ann. § 8.01-299(E)(3) tolls the statute of limitations in cases nonsuited pursuant to Va. Code Ann. § 8.01-380 by allowing a party taking a nonsuit to refile the action within six months or within the remainder of the original statute of limitations, whichever is longer.

VDSS filed this plea in bar, arguing that the rules of civil procedure, including Virginia Code §§ 8.01-380 and 8.01-229(E)(3), do not apply to administrative proceedings under the Virginia Administrative Process Act ("APA") unless the APA specifically so provides. As such, VDSS contends that Joy House could not nonsuit the *Riverside Trust v. Jones* action in accordance with § 8.01-380 and the tolling provisions of § 8.01-229(E)(3) do not apply. Therefore, VDSS argues that Joy House is now time-barred from instituting this action.

*Analysis*

Virginia Code § 8.01-380 provides in relevant part that "one nonsuit may be taken to a cause of action or against the same party to the proceeding *as a matter of right*." Va. Code Ann. § 8.01-380(B) (emphasis added). The Supreme Court of Virginia has also stated that "a plaintiff has an *absolute right* to one nonsuit . . . and neither the trial court nor opposing counsel can prevent him from doing so." *Nash v. Jewell*, 227 Va. 230, 237, 315 S.E.2d 825, 829 (1984) (emphasis added).

Virginia Code § 8.01-229(E)(3) tolls the statute of limitations in "all actions irrespective of whether they arise under common law or statute," which were nonsuited in accordance with Virginia Code § 8.01-380, and

allows for the refiling of the original action within six months of the date of the nonsuit or within the original period of limitation, whichever is longer. Va. Code Ann. § 8.01-299(E)(3).

Notwithstanding the plain language of these sections, VDSS contends that, because Joy House is appealing a final agency action under the APA, Joy House is not entitled to any nonsuit, and, therefore, this action cannot be refiled. In support, VDSS argues (1) that the rules of civil procedure do not apply to administrative proceedings unless the APA specifically so provides; (2) that allowing Joy House to refile its action six months after it takes a nonsuit is inconsistent with the requisite thirty day time period for perfecting an appeal; and (3) that a nonsuit is not available because the circuit court's role in reviewing an agency decision is equivalent to an appellate court's role in an appeal from a trial court and there are no nonsuits permitted on appeal.

1. *The Applicability of the Virginia Code to Judicial Review of Administrative Proceedings*

VDSS primarily relies on *Broomfield v. Jackson*, 18 Va. App. 854, 447 S.E.2d 880 (1994), to support its contention that the rules of civil procedure, including the sections governing nonsuits, do not apply to administrative proceedings. This Court finds VDSS' reliance on *Broomfield* misplaced.

In *Broomfield*, VDSS sought dismissal of a petition for appeal because the notice of appeal was not served on the agency within thirty days of VDSS' service of its final decision on the petitioner's attorney. The petitioner argued that her notice was timely because the agency's service on her attorney was not proper under VDSS' rules or Virginia Supreme Court Rule 2A:2, and therefore, the thirty day period did not begin to run until the agency served the petitioner herself, and not her attorney. *Id.* at 855, 447 S.E.2d at 880. In response, VDSS argued that § 8.01-314 of the Virginia Code, which states that service on the attorney of record is service on the party, should apply. *Id.* at 857, 447 S.E.2d at 881.

In holding that § 8.01-314 did not apply and that VDSS could not properly serve the petitioner by serving the petitioner's attorney, the *Broomfield* court declined to enact a rule that the civil remedies and procedures contained Title 8.01, which do not conflict with the provisions of the APA, apply in administrative agency proceedings. *Id.* at 857-58, 447 S.E.2d at 882. The court held that it could "discern no legislative intent to supplement the provisions of an agency's basic laws and the APA with the general laws of the Commonwealth." The court further stated, "The legislative

policy statement is consistent with the 'general rule in other jurisdictions . . . that rules of civil procedure do not apply to administrative proceedings unless the rules specifically so provide'." *Id.* at 857-58, 447 S.E.2d at 882.

But here, the issue is not whether the rules of civil procedure apply to administrative proceedings. Instead, the issue is whether the rules of civil procedure apply to a petition in the circuit court for judicial review of an administrative proceeding.

Part Two A of the Rules of the Supreme Court governs the appeal from a case decision of an agency pursuant to the APA. *Sours v. Virginia Bd. of Architects*, 30 Va. App. 313, 318, 516 S.E.2d 712, 715 (1999). Once a petitioner perfects an appeal by timely filing notice of the appeal and a petition for appeal, the circuit court has jurisdiction over the appeal and "further proceedings shall be held as in a suit in equity and the rules contained in Part Two, where not in conflict with the Code of Virginia or this part, shall apply." Va. S. Ct. Rule 2A:5; *see also Mayo v. Dept. of Commerce*, 4 Va. App. 520, 524, 358 S.E.2d 759, 762 (1987) (noting that Rule 2A:5 encompasses matters arising subsequent to the time an administrative appeal is perfected by the timely filing of a petition for appeal). Thus, once the circuit court has jurisdiction over an administrative appeal, the proceeding becomes a suit in equity and no longer is an administrative proceeding to which the rules of civil procedure do not apply. Part Two of the Rules of the Virginia Supreme Court has been repealed, and Rule 2A:5 has not been amended to reflect the repeal. VDSS, however, concedes that it would now appear that Part Three of the Rules would apply to this appeal where Part Two of the Rules applied before. VDSS does not argue that all of the Rules of Part Three would apply. For instance, VDSS notes that Rule 2A:5 expressly prohibits some of these rules in Part Three, such as referrals to commissioner in chancery.

In *Virginia Retirement System v. Avery*, the Virginia Supreme Court held that a circuit court had jurisdiction over Avery's appeal from an agency decision because Avery filed her notice of appeal and petition for appeal within the times specified by Rules 2A:2 and 2A:4. *Virginia Retirement System v. Avery*, 262 Va. at 542, 551 S.E.2d at 614. After determining that the circuit court had proper jurisdiction over the administrative appeal, the Court in *Avery* held that the curative provision of Virginia Code § 8.01-288 would cure Avery's defective service. The Court observed that no statute or rule specifically prescribed the method of service of process of a petition for appeal other than Rule 2A:4, which incorporates the steps for service of process pursuant to equity rules. The Court then noted that Rule 2A:5 provides in pertinent part that "further proceedings shall be held as in a suit in equity and the rules contained in Part Two, where not in conflict with the Code of

Virginia or this part, shall apply." *Id.* at 543, 551 S.E.2d at 615. Based on this Rule, the Court concluded that the curative provisions of Virginia Code § 8.01-288 apply not only to service of process in equity suits, but also to petitions for appeal of administrative rulings. *Id; but see Virginia Employment Comm'n v. Westbrook,* Record No. 0989-99-2 (Va. Ct. App. 2000) (unpublished) (holding that § 8.01-380 does not apply to petitions for judicial review of the Virginia Employment Commission's decisions because the general rules of court and procedural statutes governing actions at law or suits in chancery are inapplicable to administrative appeals).

Similarly, in *Sours v. Virginia Board of Architects,* the Virginia Court of Appeals also relied on Rule 2A:5 to conclude that a "circuit court, in overseeing an administrative appeal, retains all authority it would have in a suit in equity other than as expressly excluded in that rule or relevant statutes." *Sours v. Virginia Bd. of Architects,* 30 Va. App. 313, 320, 516 S.E.2d 712, 716 (1999). In *Sours,* the appellant timely filed his notice of appeal and petition for appeal, but the circuit court dismissed the appeal because he did not pay the statutory writ tax and clerk's fees. *Id.* at 317, 516 S.E.2d at 714. When the appellant appealed the dismissal of his action, the Court of Appeals observed that both Rule 2A:4, by incorporating the steps provided in Rule 2:2, and Virginia Code § 58.1-1829 required payment of the writ tax and clerk's fees before a subpoena in chancery issued. The court noted, however, that, unlike Rule 2:2, Virginia Code § 58.1-1829 also provided that the clerk's "failure to collect the tax shall not invalidate the proceeding." *Id.* at 318, 516 S.E.2d at 715. The Court of Appeals ultimately held that, because Rule 2A:5 provides that "further proceedings [in APA appeals] shall be held as in a suit in equity and [that] the rules contained in Part Two, where not in conflict with the Code of Virginia [or Part Two A of the Rules] shall apply," Virginia Code § 58.1829 applied and the appellant's failure to pay the writ tax and clerk's fees was not fatal to his case. *Id.*

Here, as in *Avery* and *Sours,* the circuit court had jurisdiction over Joy House's *Riverside Trust v. Jones* proceeding because Joy House timely filed its notice of and petition for appeal. Therefore, *Riverside Trust v. Jones* became a "further proceeding" which was to be "held as a suit in equity, and the rules contained in Part Two, where not in conflict with the Code of Virginia or this part, [applied]." Va. S. Ct. Rule 2A:5. Standing alone, it would appear that the circuit court had the authority to allow Joy House to nonsuit its original action in accordance with Virginia Code § 8.01-380 and to refile this case pursuant to Virginia Code § 8.01-299.

### 2. *The Effect of a Nonsuit on the Thirty Day Requirements for Perfecting an Appeal*

VDSS next argues that allowing Joy House to take a nonsuit is inconsistent with Virginia Supreme Court Rules 2A:2 and 2A:4, which require any party appealing a case decision to file its notice of appeal within thirty days of service of the final agency order and to file a petition for appeal within thirty days of filing the notice of appeal. VDSS contends that allowing a nonsuit would effectively permit any party appealing an administrative agency decision to extend the thirty day limitations period for perfecting an appeal to a period that is five times longer than the one contemplated by the Rules.

The thirty day limitations period, however, applies solely to the initial filing of a notice of appeal just as other provisions of the Virginia Code prescribe limitation periods within which suits must be initiated. The thirty day limitations period does not apply to the refiling of an appeal which has been nonsuited in accordance with Virginia Code § 8.01-380. Instead, the period within which a suit must be *refiled* is governed by Virginia Code § 8.01-229(E)(3), which applies "to all actions irrespective of whether they arise under common law or statute" Va. Code Ann. § 8.01-229(E)(3), and provides "a window of six months during which a nonsuited action can be recommenced even if it was originally filed on the last day of the applicable statute of limitations." *Simon v. Forer*, 265 Va. 483, 489, 578 S.E.2d 792, 795 (2003).

Because the thirty day limitations period applies to the *initial filing* of a notice of and petition for appeal and Virginia Code § 8.01-229(E)(3) applies to the *refiling* of an appeal, this court holds that there is no conflict between Virginia Supreme Court Rules 2A:2 and 2A:4 and Virginia Code § 8.01-229(E)(3).

### 3. *The Appellate Nature of this Proceeding*

Finally, VDSS argues that the provisions in Title 8.01 cannot govern administrative appeals because the circuit court's role in the appeal from an agency decision under the APA is controlled solely by the agency record and is, therefore, equivalent to an appellate court's role in an appeal from a trial court. *School Bd. of County of York v. Nicely*, 12 Va. App. 1051, 1061, 408 S.E.2d 545, 551 (1991); *see also Jones v. West*, 46 Va. App. 309, 335, 616 S.E.2d 790, 803 (2005). And, as the Virginia Supreme Court has held, a nonsuit is "unsuited to pure appellate procedure." *Thomas Gemmell, Inc. v. Svea Fire & Life Ins. Co.*, 166 Va. 95, 97 184 S.E.2d 457, 458 (1936).

After oral argument in this case, the Supreme Court of Virginia addressed this very point. *Board of Zoning Appeals of Fairfax County v. Board of Supervisors of Fairfax County*, 275 Va. 452, 657 S.E.2d 147 (2008). In *Board of Zoning Appeals v. Board of Supervisors*, the court held that a petitioner seeking review of a decision of the Board of Zoning Appeals could not nonsuit its petition for a writ of certiorari because, in such a case, the circuit court "acts as a reviewing tribunal rather than as a trial court resolving an issue in the first instance. *Id.* The court examined the language of Virginia Code § 8.01-380 and concluded that Virginia Code § 8.01-380 "applies to trial, not appellate, proceedings," even when such proceedings are held in the circuit court.

Here, as in *Board of Zoning Appeals,* the circuit court acts as a reviewing tribunal, reviewing the agency record for error and "rejecting agency factfinding only if, considering the record as a whole, a reasonable mind would have necessarily come to a different conclusion." *Jones v. West,* 46 Va. App. 309, 335, 616 S.E.2d 790, 803 (2005) (quoting *Citland, Ltd. v. Commonwealth,* 45 Va. App. 268, 274-75, 610 S.E.2d 321, 324 (2005)). Therefore, under the APA, the circuit court's role in this case is equivalent to an appellate court's role in an appeal from a trial court. As such, and given *Board of Zoning Appeals,* the Court is constrained to find that Virginia Code § 8.01-380 does not apply. As a result, Joy House could not nonsuit its original action in *Riverside Trust v. Jones* or revive the original action pursuant to Virginia Code § 8.01-229(E)(3). Accordingly, Joy House's appeal must be dismissed.

*Conclusion*

For these reasons, Appellees Maurice Jones and Carolynne Stevens' Plea in Bar is sustained.