Present:  All the Justices

MARK A. CLAYCOMB

                                          OPINION BY
v.  Record No. 972102        JUSTICE LAWRENCE L. KOONTZ, JR.
                                     September 18, 1998

DONALD GLENN DIDAWICK

                FROM THE CIRCUIT COURT OF FREDERICK COUNTY
                          James L. Berry, Judge


     In this appeal, we consider whether the trial court erred in

striking the plaintiff's evidence and entering summary judgment in

favor of the defendant on the ground that the evidence showed, as a

matter of law, that the plaintiff was contributorily negligent

because he failed to keep a proper lookout.

                               Background

     "When summary judgment is based upon the granting of a motion

to strike a party's evidence, we view the evidence and the

inferences reasonably raised thereby in the light most favorable to

the party whose evidence has been stricken." Griffin v. The

Spacemaker Group, Inc., 254 Va. 141, 142, 486 S.E.2d 541, 542

(1997).

     This case involves a two-vehicle accident that occurred on U.S.

Route 50 in Frederick County during the pre-dawn hours of December

20, 1993.  At the location of the accident, Route 50 is a four-lane

highway divided by a grass median strip.  The accident occurred in

the right-hand eastbound lane of Route 50 a short distance beyond a

cut-through in the median that permitted vehicles to enter and exit Perry Engineering Company, located on the north side of Route 50.

According to his testimony at trial, Mark A. Claycomb was travelling eastbound on Route 50 in the right-hand lane within the posted speed limit. As Claycomb approached the cut-through, he noticed a truck stopped in the entrance to Perry Engineering Company. Donald Glenn Didawick was the operator of that truck. Claycomb testified that, after he observed the truck, a tractor-trailer travelling in the eastbound left-hand lane pulled abreast of his vehicle so that just before reaching the cut-through the tractor-trailer and Claycomb's vehicle were "side by side."

Claycomb next observed that the truck he had seen on the opposite side of Route 50 was now travelling directly ahead of him in the eastbound right-hand lane. Claycomb testified that he "had nowhere to go, because the [tractor-trailer was passing him] on the [left] side." As the tractor-trailer pulled ahead, Claycomb attempted to swerve to the left, but "ended up catching the end of [the truck] with my car." Claycomb's vehicle was heavily damaged and spun into the median strip. Claycomb was severely injured as a result of the accident and testified that he could recall nothing that occurred thereafter.

Ron Kendra, a Virginia State Trooper, testified that he arrived at the accident scene at approximately 6:09 a.m. on December 20, 1993. Kendra further testified that he took a statement from

Didawick in which Didawick asserted that he had observed both the tractor-trailer and Claycomb's vehicle in the right-hand lane of eastbound Route 50 before beginning his left turn out of the Perry Engineering Company entrance. Didawick told Kendra that he believed both vehicles "had plenty of time" to change lanes, and that after he moved into the right-hand lane the tractor-trailer "moved over, but the car didn't."

Trooper Mark F. Quince, a member of the Safety Division in Motor Carrier Safety for the Virginia State Police, testified that he investigated the accident later on the morning of December 20, 1993. Quince testified that Didawick's truck was equipped with a five-foot long rollback gate in violation of state regulations. Quince further testified that the rollback gate had no lights or reflectors, thus leaving the rear five feet of the truck in darkness. In addition, he testified that the left rear marker lamp on the main body of the truck was inoperable and the rear side reflectors were also missing.

At the conclusion of the plaintiff's evidence on liability and before any evidence on damages had been received, Didawick moved to strike Claycomb's evidence and for summary judgment on the ground that Claycomb had been contributorily negligent in failing to keep a proper lookout. In a ruling subsequently incorporated in the final order, the trial court sustained the motion to strike the evidence and granted summary judgment to Didawick. The trial court expressly

3

ruled that Claycomb's "view of the truck was never obscured by the tractor[-]trailer. That [vehicle] was never in front of him," and, thus, Claycomb would have been able to observe Didawick turn onto the highway in front of Claycomb had he maintained a proper lookout. We awarded Claycomb this appeal.

## Discussion

> The standard under which a trial court should review the evidence adduced at trial before granting a motion to strike the case at the end of a plaintiff's evidence is well settled under prior decisions of this Court. That standard requires the trial court to accept as true all the evidence favorable to the plaintiff as well as any reasonable inference a jury might draw therefrom which would sustain the plaintiff's cause of action. The trial court is not to judge the weight and credibility of the evidence, and may not reject any inference from the evidence favorable to the plaintiff unless it would defy logic and common sense.

Austin v. Shoney's, Inc., 254 Va. 134, 138, 486 S.E.2d 285, 287 (1997); see also Rule 3:18. This same standard applies to our review of the evidence when a trial court's decision to strike the evidence in a bench trial is challenged on appeal. Warehouse v. Prudential Storage, 208 Va. 784, 790, 161 S.E.2d 86, 90 (1968)(in a bench trial, court erred in sustaining a motion to strike plaintiff's evidence when evidence, viewed in light most favorable to plaintiff, was not insufficient as a matter of law to support a recovery).

Under this well established standard, we reject the trial court's finding that Claycomb's "view of the truck was never

4

obscured by the tractor[-]trailer." Viewed in the light most favorable to Claycomb, his testimony shows that after Claycomb observed Didawick's truck in the Perry Engineering Company entrance, the tractor-trailer pulled abreast of Claycomb's vehicle and remained there until it passed him after Didawick's truck had already turned into the highway in front of him. The inference that the tractor-trailer blocked Claycomb's view to his left and ahead is neither unreasonable nor contrary to common sense. Similarly, the lack of adequate lighting and reflectors on the rear of Didawick's truck supports the reasonable inference that Claycomb would not have been able to see Didawick's truck pull in front of him in the darkness. Accordingly, this evidence did not establish as a matter of law that Claycomb was contributorily negligent.

Didawick contends, however, that since this was a bench trial, the trial court's ruling is presumed to be correct and should be given the deference afforded to a jury verdict. Didawick reasons that since the trial court would ultimately rule on the factual issues of the case, its determination that Claycomb's view was not obscured and that he failed to keep a proper lookout should be sustained. We disagree.

Didawick's contention fails to recognize the significance of the posture of the case when the motion to strike was granted. At that time, "the trial court was not sitting as the fact finder but was ruling on a matter of law to determine whether [Claycomb] had

5

made out a prima facie case." Costner v. Lackey, 223 Va. 377, 382, 290 S.E.2d 818, 820 (1982). As we have shown, at that time the evidence, when viewed in the light most favorable to Claycomb, was not insufficient as a matter of law to support a recovery. Accordingly, as we stated in Costner, "[i]n this posture . . . the case was not ripe for disposition on a motion to strike," id., and the trial court's ruling on that motion does not equate with a factual determination at the close of the evidence on an issue, such as contributory negligence, which Didawick had the burden of proving by the greater weight of the evidence. See Franconia Associates v. Clark, 250 Va. 444, 448, 463 S.E.2d 670, 673 (1995)(plaintiff's contributory negligence is an issue to be determined at conclusion of all evidence unless reasonable minds could not differ); see also Karim v. Grover, 235 Va. 550, 552, 369 S.E.2d 185, 186 (1988)(defendant has burden of proving plaintiff's contributory negligence by greater weight of the evidence).

For these reasons, we will reverse the judgment of the trial court and remand the case for a new trial.

Reversed and remanded.