Present: Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and
Goodwyn, JJ., and Lacy, S.J.

BOARD OF ZONING APPEALS
OF FAIRFAX COUNTY

v.  Record No. 070318                OPINION BY SENIOR JUSTICE
                                        ELIZABETH B. LACY
                                        February 29, 2008

BOARD OF SUPERVISORS
OF FAIRFAX COUNTY, ET AL.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Stanley P. Klein, Judge


The dispositive issue in this appeal is whether Code

§ 8.01-380(B), which allows a nonsuit as a matter of right,

applies to a writ of certiorari proceeding filed pursuant to

Code § 15.2-2314.

FACTS AND PROCEEDINGS

On January 20, 2004, following a hearing, the Board of

Zoning Appeals of Fairfax County (the BZA) voted to reverse a

decision of the zoning administrator.  The BZA's decision was

transmitted to the parties in a letter from the Clerk of the

BZA stating that the BZA's decision became final on February

11, 2004.

On March 12, 2004, the Board of Supervisors of Fairfax

County (the Board) filed a petition for writ of certiorari

pursuant to Code § 15.2-2314, requesting the circuit court to

reverse the BZA's decision.  The landowner affected by the BZA

decision filed a demurrer and plea in bar asserting, among other things, that the petition for writ of certiorari was not filed within 30 days of the January 20, 2004 decision of the BZA as required by Code § 15.2-2314 and, therefore, was untimely. The BZA filed a "response" to the demurrer supporting the landowners' arguments.

While the demurrer and plea in bar were pending, this Court rendered its opinion in West Lewinsville Heights Citizens Association v. Board of Supervisors, 270 Va. 259, 268, 618 S.E.2d 311, 315-16 (2005), holding that the 30-day appeal period set out in Code § 15.2-2314 runs from the date of the BZA's decision. The circuit court subsequently wrote to counsel stating that the West Lewinsville Heights decision "appears to mandate dismissal of this matter" and asked for the Board's position in light of the decision. Before the circuit court ruled on the issue, the Board filed a motion for nonsuit pursuant to Code § 8.01-380(B). The BZA opposed the nonsuit motion arguing that a nonsuit was not available in this type of statutory certiorari proceeding.

The circuit court granted the Board's nonsuit motion by order entered June 13, 2006, and further held that the tolling provision of Code § 8.01-229(E)(3) was applicable to the nonsuit granted by the circuit court. The BZA filed this appeal.

DISCUSSION

On appeal, the BZA first asserts that the circuit court erred in concluding that a nonsuit could be granted pursuant to Code § 8.01-380(B) in this proceeding filed under Code § 15.2-2314.

In reaching its decision, the circuit court, quoting Thomas Gemmell, Inc. v. Svea Fire & Life Insurance Co., 166 Va. 95, 97, 184 S.E. 457, 458 (1936), acknowledged that "a nonsuit is 'unsuited to pure appellate procedure,'" but, relying on Virginia Beach Beautification Commission v. Board of Zoning Appeals, 231 Va. 415, 417, 344 S.E.2d 899, 901 (1986), the circuit court observed that the "true nature of a circuit court proceeding on a petition for writ of certiorari from a BZA determination appears to be unsettled." The circuit court then concluded that the proceeding did not qualify as an appellate proceeding because Code § 15.2-2314 allows the circuit court to take additional evidence or conduct "in essence, an evidentiary trial." Therefore, according to the circuit court, a nonsuit is not precluded in a proceeding filed pursuant to Code § 15.2-2314. We do not agree with the circuit court's characterization of the proceeding.

Code § 15.2-2314 provides:

**Certiorari to review decision of board.**
Any person or persons jointly or severally aggrieved by any decision of the board of zoning appeals, or any aggrieved taxpayer or any officer, department, board or bureau of the locality, may file with the clerk of the circuit court for the county or city a petition specifying the grounds on which aggrieved within 30 days after the final decision of the board.

Upon the presentation of such petition, the court shall allow a writ of certiorari to review the decision of the board of zoning appeals and shall prescribe therein the time within which a return thereto must be made and served upon the relator's attorney, which shall not be less than 10 days and may be extended by the court. The allowance of the writ shall not stay proceedings upon the decision appealed from, but the court may, on application, on notice to the board and on due cause shown, grant a restraining order.

The board of zoning appeals shall not be required to return the original papers acted upon by it but it shall be sufficient to return certified or sworn copies thereof or of the portions thereof as may be called for by the writ. The return shall concisely set forth such other facts as may be pertinent and material to show the grounds of the decision appealed from and shall be verified.

If, upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take evidence or appoint a commissioner to take evidence as it may direct and report the evidence to the court with his findings of fact and conclusions of law, which shall constitute a part of the proceedings upon which the determination of the court shall be made. The court may reverse or affirm, wholly or partly, or may modify the decision brought up for review.

In the case of an appeal from the board of zoning appeals to the circuit court of an order, requirement, decision or determination of a zoning administrator or other administrative officer in the administration or enforcement of any ordinance or provision of state law, or any modification of zoning requirements pursuant to § 15.2-2286, the findings and conclusions of the board of zoning appeals on questions of fact shall be presumed to be correct. The appealing party may rebut that presumption by proving by a preponderance of the evidence, including the record before the board of zoning appeals, that the board of zoning appeals erred in its decision. Any party may introduce evidence in the proceedings in the court. The court shall hear any arguments on questions of law de novo.

In the case of an appeal by a person of any decision of the board of zoning appeals that denied or granted an application for a variance, or application for a special exception, the decision of the board of zoning appeals shall be presumed to be correct. The petitioner may rebut that presumption by showing to the satisfaction of the court that the board of zoning appeals applied erroneous principles of law, or where the discretion of the board of zoning appeals is involved, the decision of the board of zoning appeals was plainly wrong and in violation of the purpose and intent of the zoning ordinance.

Costs shall not be allowed against the board, unless it shall appear to the court that it acted in bad faith or with malice in making the decision appealed from. In the event the decision of the board is affirmed and the court finds that the appeal was frivolous, the court may order the person or persons who requested the issuance of the writ of certiorari to pay the costs incurred in making the return of the record pursuant to the writ of certiorari. If the petition is withdrawn subsequent to the filing of the return, the board may request

5

that the court hear the matter on the question of whether the appeal was frivolous.

The language of Code § 15.2-2314 demonstrates that a proceeding filed pursuant to this section has the indicia of an appeal in which the circuit court acts as a reviewing tribunal rather than as a trial court resolving an issue in the first instance.  The section is entitled "Certiorari to review decision of board."  Code § 15.2-2314 (emphasis added). See Krummert v. Commonwealth, 186 Va. 581, 584, 43 S.E.2d 831, 832 (1947) (while not technically part of the statute, the heading has long been regarded as "valuable and indicative of legislative intent").  The statute refers to the proceeding as an "appeal" no less than seven times.  Furthermore, the section limits the circuit court's disposition authority.  The circuit court may "reverse or affirm, . . . or may modify the decision brought up for review."  Code § 15.2-2314.  This limitation on the circuit court's disposition authority along with the description of the court's action as "reviewing" the decision of the BZA, indicates that the legislature considered the proceeding as a form of appellate review, rather than a proceeding resolving the issue in the first instance.  The discretionary option of taking additional evidence is insufficient to transform the nature of the proceeding from an appeal to a trial.  See Gemmell, 166 Va. at 98, 184 S.E. at

6

458 (court not engaged in appellate review when it hears matter de novo and may disregard judgment of lower tribunal). Accordingly, we conclude that a petition for certiorari filed pursuant to Code § 15.2-2314 is in the nature of an appeal, and as we observed in Gemmell, an appeal is unsuited to a nonsuit. See also City of Norfolk v. County of Norfolk, 194 Va. 716, 723, 75 S.E.2d 66, 70 (1953).

In granting the Board's motion for a nonsuit, the circuit court also concluded that a nonsuit was authorized by Code § 8.01-380(B) because the certiorari petition was a "cause of action." This conclusion was based on a single sentence in Code § 8.01-380(B) providing that one nonsuit "may be taken to a cause of action . . . as a matter of right."

In determining whether the sentence relied upon by the circuit court authorizes a nonsuit in the instant proceeding, we consider the section as a whole. See Cummings v. Fulghum, 261 Va. 73, 77, 540 S.E.2d 494, 496 (2001) (considering "a statute in its entirety, rather than by isolating particular words or phrases"), Earley v. Landsidle, 257 Va. 365, 369, 514 S.E.2d 153, 156 (1999). Our review demonstrates that Code § 8.01-380 applies to trial proceedings, not proceedings in the nature of an appeal, such as a petition for certiorari filed pursuant to Code § 15.2-2314.

Code § 8.01-380 states:

7

A.  A party shall not be allowed to suffer a nonsuit as to any cause of action or claim, or any other party to the proceeding, unless he does so before a motion to strike the evidence has been sustained or before the jury retires from the bar or before the action has been submitted to the court for decision.  After a nonsuit no new proceeding on the same cause of action or against the same party shall be had in any court other than that in which the nonsuit was taken, unless that court is without jurisdiction, or not a proper venue, or other good cause is shown for proceeding in another court, or when such new proceeding is instituted in a federal court.  If after a nonsuit an improper venue is chosen, the court shall not dismiss the matter but shall transfer it to the proper venue upon motion of any party.

B.  Only one nonsuit may be taken to a cause of action or against the same party to the proceeding, as a matter of right, although the court may allow additional nonsuits upon reasonable notice to counsel of record for all defendants and upon a reasonable attempt to notify any party not represented by counsel, or counsel may stipulate to additional nonsuits. The court, in the event additional nonsuits are allowed, may assess costs and reasonable attorneys' fees against the nonsuiting party. When suffering a nonsuit, a party shall inform the court if the cause of action has been previously nonsuited.  Any order effecting a subsequent nonsuit shall reflect all prior nonsuits and shall include language that reflects the date of any previous nonsuit together with the court in which any previous nonsuit was taken.

C.  If notice to take a nonsuit of right is given to the opposing party within seven days of trial, the court in its discretion may assess against the nonsuiting party reasonable witness fees and travel costs of expert witnesses scheduled to appear at trial, which

are actually incurred by the opposing party solely by reason of the failure to give notice at least seven days prior to trial.  The court shall have the authority to determine the reasonableness of expert witness fees and travel costs.

D.    A party shall not be allowed to nonsuit a cause of action, without the consent of the adverse party who has filed a counterclaim, cross claim or third-party claim which arises out of the same transaction or occurrence as the claim of the party desiring to nonsuit unless the counterclaim, cross claim or third-party claim can remain pending for independent adjudication by the court.

Subsection (A) of Code § 8.01-380 discusses the refiling of the action after a nonsuit has been granted in terms of venue and "another court," including federal courts.  Such refiling opportunities are not available in the appellate context.  Furthermore, subsection (C) states that a party seeking a nonsuit as a matter of right risks incurring the costs of the opposing party's witness fees and expert witness travel expenses if the opposing party is not notified of the nonsuit seven days prior to trial.  Code § 8.01-380(C).  Again, expert witnesses, their fees and costs, are elements of a trial, not of an appellate proceeding.

In summary, a proceeding filed pursuant to Code § 15.2-2314 is a proceeding in the nature of an appeal, not a trial proceeding.  Code § 8.01-380 applies to trial, not appellate, proceedings.  Accordingly we will reverse the judgment of the

9

circuit court granting the Board a nonsuit and remand the case

for further proceedings.<sup>*</sup>

Reversed and remanded.

---

     <sup>*</sup> In light of our decision we need not address the BZA's remaining assignments of error regarding the applicability of the tolling provisions of Code § 8.01-229(E)(3) to the nonsuit granted by the circuit court.