# COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:　Judges Humphreys, Ortiz and Senior Judge Annunziata
Argued by videoconference


GRAYDON MANOR, LLC

OPINION BY
v.　　　Record No. 1012-22-4　　　JUDGE DANIEL E. ORTIZ
NOVEMBER 21, 2023

BOARD OF SUPERVISORS OF
　LOUDOUN COUNTY, VIRGINIA


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
James P. Fisher, Judge

James J. O'Keeffe IV (Nicholas V. Albu; Grayson P. Hanes;
Michie Hamlett PLLC; The Albu Firm PLLC; Reed Smith LLP, on
briefs), for appellant.

Nicholas J. Lawrence (Steven F. Jackson; Heather K. Bardot;
McGavin, Boyce, Bardot, Thorsen & Katz, P.C., on brief), for
appellee.


A motion to strike is available in a writ proceeding under Code § 15.2-2314, allowing

circuit court review of a decision of a board of zoning appeals.　Given that Code § 15.2-2314

permits the circuit court to take evidence, it necessarily follows that the circuit court is

empowered to weigh the evidence it receives, and, upon finding the evidence to be insufficient,

may strike it.

On appeal, Graydon Manor, LLC ("Graydon Manor") argues that the circuit court erred

when (1) the court granted the County's motions to strike the evidence, which Graydon Manor

contends was improper for a circuit court exercising its appellate jurisdiction, and (2) the court

excluded Graydon Manor's expert's testimony.　We hold that the circuit court correctly

considered and then appropriately granted the motions to strike.　Even drawing all inferences in

Graydon Manor's favor, Graydon Manor failed to prove that its permit application met the

requirements for approval under the ordinance, and Graydon Manor was not aggrieved by the Administrator's determinations. Finally, the circuit court did not abuse its discretion in excluding the expert testimony of J.W. Cody Francis because such testimony was irrelevant. For these reasons, we affirm.

BACKGROUND

This appeal concerns a 131-acre parcel of land owned by Graydon Manor in Loudoun County, Virginia (the "property"). Graydon Manor purchased the property in 2016 with the intention of developing it as a "co-housing"[1] unit with a brewery and restaurant. The property sits in an agricultural-rural zoning district called "AR-1."

Under Graydon Manor's plan, the co-housing community would comprise 239 dwelling units, a brewery, gardens, a greenhouse, an orchard, and a vineyard. The site would also incorporate common facilities like lounges, a fitness center, meeting rooms, childcare centers, a tasting room, and a shared laundry room.

Graydon Manor believed the co-housing plan was not subject to a dwelling-unit density cap within the AR-1 district. County zoning administrator Chris Mohn directed Graydon Manor to (1) seek a zoning determination clarifying the density allowed for co-housing and (2) submit a zoning permit application with a sketch plan. On July 24, 2018, Graydon Manor requested a zoning determination under Section 6-401 of the county zoning ordinance. Graydon Manor's

_____

[1] The ordinance defines co-housing as:

> A residential arrangement on the site of an active agricultural, horticultural or animal husbandry operation consisting of more than one individually owned dwelling unit and extensive common facilities, such as a large dining room kitchen, lounges, meeting rooms, recreation areas, library, workshops, childcare, laundry, greenhouse, or other facilities for use by the organized group of residents living in the co-housing who particulate in the planning, design, ongoing management and maintenance of the residential arrangement and in the routine activities of household living.

request posed 28 questions seeking clarification on the co-housing use type in the AR-1 zoning district. Before receiving a response to its letter, Graydon Manor filed a zoning permit application seeking to develop the property for "Cohousing, Restaurant, [and] Limited Brewery." The permit application included a drawing of the proposed development, which depicted over 230 single-family dwelling units.

On November 16, 2018, the County answered each of the 28 questions and maintained that the ordinance did not allow the proposed co-housing use. The County also denied Graydon Manor's permit application. The Administrator noted that he had received comments from several agencies and that, based on the concerns raised by the agencies, he could not approve the application.

Graydon Manor separately appealed both the zoning determination and the permit denial to the board of zoning appeals ("BZA"), which affirmed the County in both matters.

Graydon Manor then petitioned the circuit court for writs of certiorari to review the BZA's decisions under Code § 15.2-2314. The circuit court granted certiorari in each case and consolidated the petitions to a single hearing. At the close of Graydon Manor's evidence, the County moved to strike the evidence in the permit appeal, case no. CL120682. The County also moved the court to reconsider its earlier ruling in case no. CL120683 that Graydon Manor was aggrieved by the Administrator's zoning determination, and thus that the BZA had statutory authority to review the zoning determinations in the first instance.

The court granted both motions and treated the motion to reconsider as a motion to strike. The court then dismissed both appeals. Graydon Manor now appeals.

ANALYSIS

I.  Availability of Motion to Strike

A writ proceeding under Code § 15.2-2314 presents a unique circumstance in which, although the court is hearing an appeal, it is also authorized to take new evidence—a practice typically prohibited at an appellate hearing.  *See* Code § 15.2-2314 ("In the case of an appeal from the board of zoning appeals to the circuit court of a decision of the board, any party may introduce evidence in the proceedings in the court in accordance with the Rules of Evidence of the Supreme Court of Virginia.").  The court's ability to take evidence transforms the writ proceeding from purely appellate in nature to a hybrid trial *and* appellate hearing.  Thus, some trial procedures, including a motion to strike, may be available.

The availability of the motion to strike at issue here turns on the characterization of the circuit court proceedings as trial or appellate.  *See Bd. of Zoning Appeals v. Bd. of Supervisors*, 275 Va. 452, 459 (2008).  When the circuit court sits in an appellate capacity, traditional trial court proceedings are generally unavailable.  *See id.* at 454-57.  Though statutory writ proceedings under Code § 15.2-2314 occur at the circuit court level, such proceedings are primarily appellate in nature.  *Id.* at 459.  Specifically, the circuit court is empowered to review the decisions of the board and may "reverse or affirm, wholly or partly, or may modify the decision brought up for review."  Code § 15.2-2314.  "The language of Code § 15.2-2314 demonstrates that a proceeding filed pursuant to this section has an indicia of an appeal in which the circuit court acts as a reviewing tribunal rather than as a trial court."  *Bd. of Zoning Appeals*, 275 Va. at 456-57 (noting that the code section refers to the writ process as an appeal "no less than seven times").

A motion to strike is generally applicable in trial settings, but not appellate settings.  *See generally* Rule 1:11 (describing a motion to strike the evidence "in a civil case being tried before

a jury"). A court may grant a motion to strike upon a finding that the evidence presented is insufficient to submit the case or an individual issue to the factfinder, resulting in a full or partial summary judgment order on the issue or claim. *See Claycomb v. Didawick*, 256 Va. 332, 335 (1998); Rule 1:11. While it is true that a motion to strike is generally not an appropriate motion for an appellate court, that unsuitability arises only because appellate courts do not ordinarily take evidence; rather, appellate courts rely upon the record generated by the courts below. This same unsuitability does not arise in a hybrid trial-appellate context where the circuit court is empowered to take evidence.

In the hybrid context of statutory writ proceedings under Code § 15.2-2314, a motion to strike must be available. Though the statute is silent as to whether the circuit court may consider or grant a motion to strike, the statute explicitly permits the court to take additional evidence. Code § 15.2-2314 ("In the case of an appeal from the board of zoning appeals to the circuit court of a decision of the board, any party may introduce evidence in the proceedings in the court in accordance with the Rules of Evidence of the Supreme Court of Virginia."). While "[t]he discretionary option of taking additional evidence is insufficient to transform the nature of the proceeding from an appeal to a trial," the court must still be empowered to weigh—and in some cases reject—the evidence that it takes. *Bd. of Zoning Appeals*, 275 Va. at 457. When a party has failed to adduce sufficient evidence for the court to rule in their favor, a hybrid tribunal may thus appropriately consider and grant a motion to strike to resolve the case.

This matter is distinct from the Supreme Court's determination that a nonsuit is inappropriate for a writ proceeding under this same code section. *See id.* A nonsuit motion allows a party to seek dismissal of an action or claim before an opposing party has made a motion to strike or the case has been submitted to the factfinder for decision. Code § 8.01-380(A)-(B). Though a party in a trial proceeding may take one nonsuit as of right,

nonsuits are not available upon appeal. *See* Code § 8.01-380(B); *Bd. of Zoning Appeals*, 275 Va. at 459. As with the motion to strike, Code § 15.2-2314 fails to mention the availability of nonsuits in writ proceedings. *See* Code § 15.2-2314. However, unlike a motion to strike, at the trial level a nonsuit motion has no direct connection to the substance of a case or claim. Rather, a nonsuit turns merely on the timing in which the party seeks to withdraw. *See id.*

In contrast, a motion to strike is substantive and arises directly in response to the court taking—and evaluating—evidence. *See Claycomb*, 256 Va. at 335. While writ proceedings are primarily appellate, they must include those trial court procedures necessary to evaluate and weigh the evidence presented, consistent with their hybrid nature. As such, a motion to strike must be available. Thus, we hold that the circuit court acted within its authority when it considered and ruled on the motion to strike here.

## II. Motion to Strike Permit Denial Case

A motion to strike should be granted if the evidence presented is insufficient as a matter of law to support the plaintiff's claim, and thus the case or individual issue should not be submitted to the factfinder. *See id.* In considering a motion to strike, a circuit court must "accept as true all the evidence favorable to the plaintiff as well as any reasonable inference a jury might draw therefrom which would sustain the plaintiff's cause of action." *Id.* The same standard applies to our review. *Id.* At the close of Graydon Manor's case, the circuit court granted the County's motion to strike the evidence in the permit denial case, ultimately dismissing the appeal. We hold that the circuit court appropriately granted the motion to strike here because, even drawing all inferences in Graydon Manor's favor, Graydon Manor failed to prove that its permit application met the requirements for approval under the ordinance.

To prevail in the permit denial case, Graydon Manor needed to show that it had met its obligations for the issuance of a zoning permit under the ordinance. The ordinance requires that

before any zoning permit is issued, (1) the property owner must submit an application, accompanied by any of a selection of listed documents which "the Zoning Administrator deems pertinent . . . to determine whether the proposed use or structure will be in compliance" with the ordinance, and (2) the structure and use of the property contemplated in the permit application are not in violation of any other law. *See* Loudoun Cnty., Va. Zoning Ordinance §§ 6-1001 to -1002. Graydon Manor conceded that it failed to submit a site plan with its permit application, as required by the Administrator, and that it had not addressed concerns raised by other county agencies about the ability of the proposed development to comply with various laws, including those relating to stormwater and sewer for the property at the time of the application. As Graydon Manor failed to introduce sufficient evidence to allow issuance of a permit, the circuit court properly granted the County's motion to strike on the permit denial claim.

III.  Motion to Strike Zoning Determination Case

We review the circuit court's legal determinations de novo. *VACORP v. Young*, 298 Va. 490, 494 (2020). In granting the motion to strike the zoning determination case, the circuit court determined that, as a matter of law, Graydon Manor was not an aggrieved party because the Administrator's zoning determinations were merely an "abstract advisory opinion." Thus, the BZA lacked the authority to hear its claim under Code § 15.2-2311. The circuit court's ability to hear the appeal was similarly limited. *See Parrish v. Fannie Mae*, 292 Va. 44, 49 (2016). The issue is thus whether Graydon Manor was an aggrieved party whose claim was properly before the court.

Code § 15.2-2311 holds that an appeal to the BZA "may be taken by any person aggrieved . . . by any decision of the zoning administrator or from any order, requirement, decision or determination made by any other administrative officer in the administration . . . of this article." Code § 15.2-2314 contains a similar requirement that individuals appealing from

the BZA to the circuit court be "aggrieved."  "[A]ggrieved" has a "settled" meaning, "contemplat[ing] 'a denial of some personal or property right, legal or equitable.'"  *See Vulcan Materials Co. v. Bd. of Supervisors*, 248 Va. 18, 24 (1994) (quoting *Va. Beach Beautification Comm'n v. Bd. of Zoning Appeals*, 231 Va. 415, 419 (1986)).  "[U]ntil an application was pending asking for specific relief, there could be no denial of any personal or property right resulting from any administrative decision or determination."  *Id.*  In contrast, an administrator's interpretation of the zoning ordinance issued while an application for specific relief is pending is not advisory, and affected individuals are "aggrieved" under the terms of the zoning ordinance. *See Lilly v. Caroline Cnty.*, 259 Va. 291, 297-98 (2000).  To create a right of appeal to the Board of Zoning Appeals, a zoning determination must have the finality of an "order, requirement, decision or determination," rather than constituting a "mere 'interpretation' of a zoning ordinance."  *See Bd. of Supervisors v. Rhoads*, 294 Va. 43, 53 (2017) (quoting *James v. City of Falls Church*, 280 Va. 31, 44 (2010)).

Here, Graydon Manor submitted its 28 questions to the Administrator on July 24, 2018, before submitting the permit application at issue in this case.[2]  *See id.*  Though Graydon Manor filed a separate zoning application approximately two weeks later, the Administrator's letter, dated November 16, 2018, responded to the original request, and was merely advisory in nature. As no application was pending for specific relief at the time the questions were submitted, the issuance of determinations in response to the questions cannot have denied any personal or property right.  Thus, Graydon Manor was not aggrieved by the Administrator's determinations, and the BZA lacked the statutory authority to hear the appeal in this instance, as did the circuit

---

[2] A previous zoning application had been submitted and denied before the July 24, 2018 letter was sent.

court. *See* Code §§ 15.2-2311, -2314. The circuit court thus properly dismissed the zoning determination case as beyond its jurisdiction.

IV. Exclusion of Testimony

It is well established that the admission or exclusion of expert testimony is within the sound discretion of the circuit court. *Keesee v. Donigan*, 259 Va. 157, 161 (2000). Hence, a ruling admitting or excluding evidence is reviewed by this Court for abuse of discretion. *Howard v. Commonwealth*, 74 Va. App. 739, 753 (2022). Under this standard, an appellate court can conclude that the circuit court abused its discretion only when reasonable jurists could not differ on the correct result. *Id.*

At trial, the circuit court sustained a relevance objection to Francis's[3] testimony that the principal outstanding comments to Graydon Manor's site plan related only to the zoning topics presently at issue. Francis's excluded testimony described the unresolved comments to Graydon Manor's site plan:

> The principal outstanding comments are related to the zoning topics that we're discussing here regarding co-housing. Specifically those comments are related to whether subdivision is required for co-housing, whether co-housing units need to be on individual lots or whether they are individual dwelling units, and whether the co-housing use is composed of whether—the common facilities are separate uses from the dwelling use, so it's almost as if they're splitting the use into two different uses. There's been some zoning comments related to that regarding buffering and such.

Counsel objected on hearsay and relevance grounds, and the court sustained the objection on the relevance grounds. The court, explaining its reasoning, stated that, "I just don't see where it's relevant anything that happened in the last year and a half" and that it "see[s] no way that

---

[3] Francis was Graydon Manor's engineer as well as its land use expert.

activities carried out, decisions made, or things done after the BZA issued their two different rulings on two different issues is making it any more probable that they were wrong in doing so."

Under Virginia Rule of Evidence 2:401, "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact in issue more probable or less probable than it would be without the evidence." In Virginia, the scope of relevant evidence is quite broad but is not without limitation. The excluded testimony sought to introduce evidence regarding site plans and subsequent written comments that were submitted to the county *after* Graydon Manor's permit was denied, which were never offered to the BZA for its consideration.

This testimony was not relevant because it concerned and related to actions taken to bring the application into compliance *after* the permit was denied. In fact, the evidence Graydon Manor sought to introduce were comments on the *sixth* revision of the proposed site plan—all comments and facts that were not in existence at the time the Administrator denied the permit. Accordingly, we cannot say that the circuit court exceeded its range of discretion in excluding Francis's testimony.

## CONCLUSION

The circuit court was within its authority to grant a motion to strike because under Code § 15.2-2314 it had the ability to take new evidence, which necessarily implies the ability to weigh and strike evidence. The circuit court properly granted the motion to strike because Graydon Manor failed to prove that its permit application met the requirements for approval under the ordinance and because Graydon Manor was not aggrieved by the Administrator's determinations. Finally, the circuit court did not abuse its discretion in excluding irrelevant testimony during the writ hearing. For these reasons, the judgment of the circuit court is affirmed.

*Affirmed*.

- 10 -