COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Chaney and Callins
Argued at Alexandria, Virginia

GLORIA NEAL

v.     Record No. 2132-24-4

MEMORANDUM OPINION* BY
JUDGE MARY GRACE O'BRIEN
DECEMBER 30, 2025

SECRETARY OF THE DEPARTMENT
  OF VETERANS AFFAIRS

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Tracy C. Hudson, Judge

James M. Stewart, Jr., for appellant.

Ronald J. Guillot, Jr. (Samuel I. White, P.C., on brief), for appellee.

Gloria Neal appeals the judgment of the circuit court granting the United States

Department of Veterans Affairs (VA) immediate possession of her residence in Haymarket,

Virginia, following the 2019 foreclosure on her VA mortgage. We affirm.

BACKGROUND[1]

Neal purchased the residence in 2012, which she financed with a mortgage guaranteed by

the VA. She defaulted and entered into a loan modification to avoid foreclosure in 2016. Neal

again defaulted in 2018, and BSI Financial Services, the VA's loan servicer, sent her a notice of

default and intent to accelerate on April 25, 2018, informing her that she could cure the default by

paying $18,417.50. The notice also informed her that, if she were unable to make her account

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] "When summary judgment is based upon the granting of a motion to strike a party's evidence, we view the evidence and the inferences reasonably raised thereby in the light most favorable to the party whose evidence has been stricken." *Griffin v. Spacemaker Group, Inc.*, 254 Va. 141, 142 (1997).

current, "BSI offer[ed] consumer assistance programs designed to help resolve delinquencies and avoid FORECLOSURE," that she "may be eligible for a loan workout plan or other similar alternatives," and that she could contact BSI's Loss Mitigation Department for more information. BSI sent her similar notices on June 7 and September 4, 2018. Neal did not cure, and a foreclosure sale occurred on July 15, 2019. The VA was the highest bidder, and a foreclosure deed conveying the property to the VA was recorded in the public land records. On August 5, 2019, via its substitute trustee, the VA sent Neal a "Notice to Quit and Demand for Possession" of the residence ("notice to vacate"). Despite this notice to vacate, Neal continued to reside at the property. The VA initiated an unlawful detainer action against Neal in general district court, but she made a *Parrish* motion challenging the validity of the VA's title to the residence, and the district court dismissed the case without prejudice. *See Parrish v. Fed. Nat'l Mortg. Ass'n*, 292 Va. 44, 52-53 (2016).

The VA filed a complaint for unlawful detainer in circuit court in January 2020. *See id.* at 53 (stating that if the district court finds that a homeowner has raised a legitimate question of title to the foreclosed property, the case "must be dismissed without prejudice," after which "[t]he foreclosure purchaser may then seek appropriate remedies in the circuit court under its original jurisdiction"). Neal filed an answer including an affirmative defense of "negligent" or "constructive fraud." Specifically, Neal alleged that a VA representative repeatedly told her that when she entered into the loan modification in 2016, "she no longer had a VA loan." Neal conceded it was "unlikely" that a VA representative intentionally misled her to believe that—in exchange for help with the 2016 loan—she lost the benefits of holding a VA loan; nevertheless, she argued that the representative's statement constituted "negligent fraud" or "constructive fraud" because she relied on it in not seeking further help from the VA to avoid foreclosure. The VA then moved for summary judgment, which the circuit court granted on July 13, 2022.

Neal appealed the judgment to this Court, and we reversed. *See Neal v. Sec'y of the Dep't of Veterans Affairs*, 79 Va. App. 1 (2023). "Neal argue[d] that the circuit court erred by finding that her affirmative defense of fraud was insufficient to defeat the VA's motion for summary judgment." *Id.* at 3. But "[t]he VA contend[ed] that because a court cannot set aside the foreclosure deed based on an affirmative defense, Neal would only have been able to challenge the validity of the deed in a counterclaim or other offensive action." *Id.* at 8. We disagreed. Noting that a "foreclosure sale may be set aside in cases 'involving fraud,'" *id.* at 9 (quoting *Young-Allen v. Bank of Am.*, 298 Va. 462, 468 (2020)), we observed that "Neal asserted that the VA's foreclosure deed is invalid as it was the product of constructive fraud, specifically that a representative of the VA erroneously and negligently informed her that she was no longer protected by VA regulations related to the servicing of her loan"; that she claimed to have relied on the VA representative's statement; that but for that statement, "she would have availed herself of the VA's regulatory remedies to avoid foreclosure"; and that "Neal's pleaded assertions sufficiently articulate the elements of constructive fraud, which, if proven, could be sufficient to satisfy a court to rescind the foreclosure sale." *Id.* at 10. Thus, we held, "the circuit court erred by granting the VA's motion for summary judgment." *Id.*

On remand, the parties engaged in discovery. She admitted executing a loan modification document in 2016 recognizing that "the Secretary of Veterans Affairs is the owner and holder of the Security Instrument and Note," and she admitted that this document was a "true and accurate copy of the [l]oan [m]odification that [she] signed." She also admitted that the VA's loan servicer sent three notices of default to her property in 2018, offering consumer assistance programs to resolve delinquencies and avoid foreclosure. Based on her responses to requests for admission and interrogatories, the VA moved to strike Neal's affirmative defense of fraud on June 20, 2024. The VA certified that it sent the motion not only to Neal's attorney but also to Neal herself at her residence. In a letter filed on July 8, 2024, Neal's attorney informed the circuit court that he had

been disbarred effective June 7, 2024.  On July 15, 2024, the VA filed a praecipe setting its motion to strike for a hearing on August 16, 2024.  The VA certified that it served the praecipe on Neal herself—not counsel—by mail to her residence.  The VA also sent Neal a copy of the motion and praecipe by FedEx, along with a letter acknowledging that her "previous attorney had his license revoked" and directing her to have any new counsel "reach out . . . [to] discuss this matter, including scheduling as we are willing to work with counsel in that regard."

On August 28, 2024, the circuit court entered an order granting the VA's motion to strike, stating that Neal "did not oppose the [m]otion nor appear."  The court found that Neal "failed as a matter of law to establish that [the VA representative]'s statement that [she] lost VA loan protection due to a 2016 loan modification was a material misrepresentation" and that "any reliance upon that statement was unreasonable because of [Neal]'s admission that prior to foreclosure the [VA], through its servicer [BSI], sent multiple [n]otices" inviting Neal to contact them if she was unable to bring her account current and stating that "BSI OFFERS consumer assistance programs to help resolve delinquencies and avoid FORECLOSURE."  The court also found that Neal had made admissions establishing her knowledge that the VA was the "owner and holder" of the note foreclosed upon, that notices inviting her to contact BSI for assistance were sent to her address, that these notices were sent after the alleged misrepresentation that she asserted as fraud, and that despite these notices, she did not contact the VA or BSI for assistance.

The VA then moved for summary judgment, serving both the motion and the hearing praecipe on Neal at her residence.  The VA initially set the hearing for October 4, 2024, but Neal moved to continue the hearing, filing a letter with the court explaining that she was having difficulty obtaining new counsel and that she would be traveling on the date that the VA had selected.  The VA filed another praecipe setting the hearing for November 1, 2024, again serving Neal at her residence.  Neal, having by then obtained new representation, filed by counsel an opposition to the

VA's summary judgment motion, reiterating "that the foreclosure of her home was defective because of constructive fraud."[2]

Simultaneously with her opposition to summary judgment, Neal filed a motion to reconsider the striking of her affirmative defense. She stated that she had been unaware of the motion to strike until after the hearing, and she reiterated that her defenses included that "she was unaware of the foreclosure of her home until after it took place and did not seek to amend her loan modification after [s]he fell into arrears because she was negligently misled into believing she could not seek veterans benefits after her loan modification." In an attached declaration, Neal acknowledged that, although the record reflected that the VA sent her notice of its motion to strike and the hearing praecipe, she had not received these documents, nor any notice of her first attorney's disbarment. The declaration restated her defense that the VA engaged in constructive fraud when its representative told her that she no longer had a VA loan due to the 2016 loan modification, leading her to believe that she could not seek to prevent the foreclosure. The VA opposed Neal's motion to reconsider and filed a response to her opposition to summary judgment.

The circuit court heard the VA's motion for summary judgment and Neal's motion to reconsider on November 22, 2024, and it entered a final order the same day. The court found "Neal's [o]pposition to [the] [m]otion for [s]ummary [j]udgment unavailing as it failed to raise any issues of material fact in dispute." Additionally, the court "granted [the VA's] [m]otion to [s]trike Neal's affirmative defense of fraud and constructive fraud" based "in part" on Neal's admissions in discovery.

---

[2] In her opposition to summary judgment, Neal also asserted for the first time that "the record . . . [did] not demonstrate that [any] notice [to vacate] was received by Neal prior to the complaint in this case being filed," creating a "a jury question of when this notice was received." Neal made this claim despite having admitted in her answer that the VA sent the notice to vacate to Neal at the residence on August 5, 2019, months before filing the circuit court complaint. In its summary judgment ruling, the court found no material dispute of fact on this issue, and Neal has abandoned it on appeal.

On appeal, Neal claims that the court "erred in its finding that Neal had an attorney/agent" when her first attorney was disbarred—and that it denied her due process by continuing with the proceedings and granting the VA's motion to strike when she was unaware of the hearing. Further, she argues that the court erred in not recognizing her defenses that "she was unaware of the foreclosure of her home until after it took place" and that she did not try to avoid foreclosure "because she was negligently misled into believing she could not seek" further relief after her loan modification. Finally, Neal claims that "material facts were in dispute when the trial court entered judgment" on her constructive fraud claim, necessitating a jury trial.

ANALYSIS

Neal's first assignment of error implies that the circuit court erroneously found that she had an attorney between the disbarment of her first attorney and her retention of new counsel. Per Rule 5A:20(c), an appellant must state "the specific errors in the rulings below . . . upon which the party intends to rely." For "an assignment of error to comply with [the] Rule . . . , it must identify an erroneous ruling, finding, or failure to rule by the trial court." *Barnes v. Commonwealth*, 80 Va. App. 588, 595 (2024) (emphasis omitted). As framed, Neal's assignment of error implies that the court found that she was represented by counsel even after her first attorney was disbarred. But the court made no such ruling. What the court actually found, as reflected in the written statement of facts in lieu of a transcript agreed to by the parties and signed by the court, is that Neal's first attorney "was acting as her agent at all times *prior to his disbarment* on June 7, 2024." (Emphasis added). Nothing in the court's finding can fairly be construed as holding that it viewed Neal's disbarred former attorney as her counsel or agent at the time the VA filed its motion to strike. To the contrary, the record shows that Neal's former attorney notified the court of his disbarment and that, from then until Neal retained new counsel, the VA served all filings and notices on her personally at her residence, where she was known to receive mail. The court did not make the

- 6 -

ruling complained of, and an "assignment of error that does not address the findings, rulings, or failures to rule on issues in the trial court . . . from which an appeal is taken, . . . is not sufficient." *Barnes*, 80 Va. App. at 594-95 (alterations in original) (quoting Rule 5A:20(c)(2)).

Neal further argues that the court erred by proceeding with the VA's motion to strike when she was unaware of it, which she attributes to her first attorney's disbarment. However, the record establishes that the VA filed the motion to strike and praecipe and served Neal by mail at her residential address in accordance with Rule 1:12, which allows service by mailing for "[a]ll pleadings, motions and other papers served after the initial process in an action." Additionally, the VA sent Neal a copy of the motion and praecipe by FedEx, along with a letter advising that her "previous attorney had his license revoked" and directing her to have any new counsel "reach out . . . to discuss this matter, including scheduling as we are willing to work with counsel in that regard." The record includes a FedEx delivery receipt and photograph of the delivered package. Rule 1:12 states that "service pursuant to this Rule is effective upon . . . delivery, dispatch, transmission or mailing."

Neal conceded in her declaration that the VA sent her notices of its motion to strike and the hearing date "at [her] address." Although she denies receiving these documents, Rule 1:12 does not require proof of receipt; a certificate of mailing is sufficient to satisfy the service requirement under the Rule. Neal cites no facts or legal authority to support her claim that these notices or services on her directly, after her attorney was disbarred, violated Rule 1:12 or offended due process. "[U]nsupported assertions of error 'do not merit appellate consideration.'" *Church Mut. Ins. Co. v. Ephesus Richmond Seventh-Day Adventist Church*, 84 Va. App. 371, 380 (2025) (quoting *Bartley v. Commonwealth*, 67 Va. App. 740, 744 (2017)); *see* Rule 5A:20(e) (requiring "principles of law and authorities" in an appellant's opening brief).

Furthermore, we are constrained by the harmless error doctrine. "Any error that does not implicate the trial court's subject matter jurisdiction is subject to harmless-error analysis because 'Code § 8.01-678 makes "harmless-error review required in all cases."'" *Spruill v. Garcia*, 298 Va. 120, 127 (2019) (emphasis omitted) (quoting *Commonwealth v. White*, 293 Va. 411, 420 (2017)). Here, the harmless error doctrine applies to Neal's alleged non-receipt of the notice of the VA's motion to strike. Once Neal retained new counsel, the circuit court entertained and heard argument on her motion to reconsider the order striking her defenses, thus curing any prejudice to Neal from her claimed non-receipt of notice on that motion.

We now turn to the heart of Neal's appeal—her assignment of error to the court's handling of her claim of constructive fraud. A litigant claiming fraud must establish "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Evaluation Rsch. Corp. v. Alequin*, 247 Va. 143, 148 (1994). "Constructive fraud differs from actual fraud in that the misrepresentation of material fact is not made with the intent to mislead, but is made innocently or negligently although resulting in damage to the one relying on it." *Id.* "Whether the representation is made innocently or knowingly, if acted on, the effect is the same. In the one case the fraud is constructive; in the other it is actual." *Jefferson Standard Life Ins. Co. v. Hedrick*, 181 Va. 824, 834 (1943). However, "[o]ne element of fraud . . . is that the victim '*reasonably* relied upon the misrepresentations . . . that allegedly constituted the fraud. Absent such reasonable or "justifiable reliance," no fraud is established.'" *Sweely Holdings, LLC v. SunTrust Bank*, 296 Va. 367, 382 (2018) (third alteration in original) (emphasis added) (quoting *Murayama 1997 Tr. v. NISC Holdings, LLC*, 284 Va. 234, 246 (2012)).

"A finding of either actual or constructive fraud requires clear and convincing evidence that one has represented as true what is really false, in such a way as to induce a reasonable person to

believe it, with the intent that the person will act upon this representation." *Evaluation Rsch. Corp.*, 247 Va. at 148. "The term 'clear and convincing evidence' has been defined as 'that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established.'" *In re Brown*, 295 Va. 202, 227 (2018) (quoting *Jud. Inquiry & Rev. Comm'n of Va. v. Pomrenke*, 294 Va. 401, 409 (2017)). This standard is "considerably higher than a 'mere preponderance.'" *Id.* (quoting *Pomrenke*, 294 Va. at 409). "Put another way, the persuasive quality of clear-and-convincing evidence must establish that 'the thing to be proved is highly probable or reasonably certain.'" *Id.* (quoting *Evidence*, *Black's Law Dictionary* (10th ed. 2014)). This burden "has been fairly characterized as a 'heavy burden.'" *Id.* (quoting *Commonwealth v. Allen*, 269 Va. 262, 275 (2005); *United States v. Watson*, 793 F.3d 416, 420 (4th Cir. 2015)). Neal has failed to carry it.

Returning to the elements of fraud, a party must establish "detrimental reliance on a . . . material misrepresentation." *Murray v. Hadid*, 238 Va. 722, 730 (1989). It appears uncontested that a representative of the VA made an oral misrepresentation to Neal that she would no longer have a VA loan after her 2016 loan modification and that she relied on that misrepresentation in not taking further action to avoid foreclosure when she again defaulted in 2018.

What *is* contested, however, is whether such reliance was reasonable. "The touchstone of reasonableness is prudent investigation." *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 629 (4th Cir. 1999) (construing Virginia law). Here, Neal received documents after her loan modification indicating that the VA was the holder of her mortgage. The 2016 loan modification itself, executed by the VA and Neal, specifically recognized that "the Secretary of Veterans Affairs is the owner and holder of the Security Instrument and Note." In discovery, Neal admitted that this document was a "true and accurate copy of the [l]oan [m]odification that [she] signed." Then, after her second default, Neal received multiple notifications from the VA's loan servicer informing her

of the availability of programs to avoid default and inviting her to inquire for more information. These messages would have put a reasonable person on notice of the possible availability of assistance in avoiding default. Yet, *for reasons unexplained in the record*, Neal ignored these messages and assumed instead, without further inquiry, that no relief was available. Given the multiplicity of written messages to the contrary, Neal's reliance on an oral message from 2016 was not reasonable. "The common law affords to everyone reasonable protection against fraud in dealing, but does not go to the romantic length of giving indemnity against the consequences of indolence and folly, or a careless indifference to the ordinary and accessible means of information." *Harris v. Dunham*, 203 Va. 760, 771 (1962) (quoting *Lake v. Tyree*, 90 Va. 719, 724 (1894)).

"[S]ince [fraud] must be clearly proved it must be distinctly stated." *Mortarino v. Consultant Eng'g Servs.*, 251 Va. 289, 295 (1996) (second alteration in original) (quoting *Ciarochi v. Ciarochi*, 194 Va. 313, 315 (1952)). In other words, "[l]itigants must plead fraud with particularity." *James G. Davis Constr. Corp. v. FTJ, Inc.*, 298 Va. 582, 613 (2020). Neal has "failed to [adequately] allege that she could have cured her default and prevented the foreclosure" even absent the alleged misrepresentation. *Young-Allen*, 298 Va. at 470. In her answer to the VA's complaint, Neal averred that "if [she] had known after 2016 that she had the benefits of a VA loan, she would have sought help from the VA to stop the foreclosure" and that, "on the basis of seeking such help, she would have found *some* way to prevent the foreclosure of her home," without any detail as to how she might have done so. (Emphasis added). "When used in a context in which additional precision concerning quantity or quality is sought, the word 'some' is inherently ambiguous. 'Some' is a word that refers to an unspecified quantity or quality. It is a word that diminishes precision, not adds to it." *Yazd v. Woodside Homes Corp.*, 143 P.3d 283, 289 (Utah 2006). Neal's allegations lack the clarity and detail required when relying on fraud to defend against foreclosure. Neal subsequently failed to provide the circuit court, or this Court on appeal,

any details as to what steps she might have taken, had she known that assistance might be available, to avert foreclosure. Considering the record before us, Neal failed to establish fraud "with the requisite degree of particularity." *Mortarino*, 251 Va. at 295.

"A motion to strike should be granted if the evidence presented is insufficient as a matter of law to support . . . [a] claim, and thus the case or individual issue should not be submitted to the factfinder." *Graydon Manor, LLC v. Bd. of Supervisors of Loudoun Cnty.*, 79 Va. App. 156, 166 (2023) (citing *Claycomb v. Didawick*, 256 Va. 332, 335 (1998)). "In considering a motion to strike, a circuit court must 'accept as true all the evidence favorable to the [nonmoving party] as well as any reasonable inference a jury might draw therefrom [that] would sustain the [nonmoving party's claim]." *Id.* (quoting *Claycomb*, 256 Va. at 335). "The same standard applies to our review." *Id.* "We hold that the circuit court appropriately granted the motion to strike here because, even drawing all inferences in [Neal]'s favor, [she] failed to" plead sufficient facts that, if proven, would have established that she reasonably relied on the VA's alleged misrepresentation to her detriment. *Id.* The court therefore properly struck her claims and, having done so, properly entered summary judgment in favor of the VA.

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*

- 11 -